J-S34009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IVAN MARSHALL CROCKETT | |
| Appellant | No. 1172 WDA 2013 |

Appeal from the PCRA Order June 21, 2013
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000895-2008
CP-07-CR-0000996-2008
CP-07-CR-0000997-2008
CP-07-CR-0002284-2008
CP-07-CR-0002287-2008

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                      **FILED JANUARY 14, 2015**

Ivan Marshall Crockett appeals, *pro se*, from the order entered June 21, 2013, in the Blair County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Crockett seeks relief from the judgment of sentence of an aggregate nine years, two months' to 18 years, four months' imprisonment, imposed on March 2, 2010, and April 22, 2010, following his guilty pleas to drug and gun charges at the above-captioned dockets.  On appeal, Crockett challenges the trial court's denial of his pretrial motion to suppress a search warrant, the court's failure to conduct a hearing on the motion, and prior

counsel's failure to obtain all relevant transcripts. For the reasons set forth below, we affirm.

The facts underlying Crockett's arrest and convictions are recited in detail in the affidavit of probable cause supporting the search warrant issued for Crockett's residence on August 6, 2008. *See* Application for Search Warrant and Authorization, 8/6/2008, Affidavit of Probable Cause, at 3-8. The affidavit detailed Altoona City Police Sergeant Troy Johannides's investigation of Crockett for the sale of crack cocaine. The incidents described in the affidavit, which related to several controlled buys leading up to the issuance of the search warrant, supported the charges at Docket Numbers 895-2008, 996-2008, 997-2008, and 2284-2008. The charges at Docket Number 2287-2008, resulted from the contraband recovered during the execution of the warrant. We summarize the relevant facts as follows.

Sergeant Johannides had learned through several confidential informants (CI's) that Crockett was selling drugs. Sergeant Johannides conducted two controlled buys, with the assistance of CI #4013-07, on December 11, 2007, and January 14, 2008, following which Crockett was arrested and charged with drug offenses. *Id.* at 3. Those incidents led to the charges at Docket Numbers 895-2008, 996-2008, and 997-2008.

The officer conducted another controlled buy, with the assistance of CI #4068-08, on April 22, 2008. The CI arranged to purchase crack cocaine from Denise Feather, a co-conspirator of Crockett. Feather obtained the cocaine from Crockett before delivering it to the CI. Subsequent to the buy,

Crockett was arrested on two outstanding drug warrants and found to be in possession of the buy money from the April 22, 2008, controlled buy. *Id.* That incident led to the charges at Docket Number 2284-2008.

In July of 2008, Sergeant Johannides worked with CI #4107-08 in an attempt to purchase crack cocaine from Crockett.[1]  The CI told the officer that he "re-ups his supply every 5 or 6 days from Crockett and that, he receives 24 to 28 ½-gram bags of [c]rack from him for $1000." *Id.* at 4. He also stated that the transaction occurs at Crockett's residence, 1911 West Chestnut Avenue, Altoona, the residence listed in the search warrant. However, when the CI provided Crockett with $1,000 on July 12, 2008, Crockett never provided the CI with cocaine.  Crockett explained that he "would re-up tonight or maybe tomorrow," but then did not return the CI's subsequent phone calls. *Id.* at 5.  Accordingly, no charges arose from this incident.

The final incident detailed in the search warrant affidavit occurred on August 5, 2008.  CI #4013-07 contacted Sergeant Johannides to advise him that she could purchase crack cocaine through Logan D'George.  She informed the officer that D'George obtains cocaine through George LaMorte, who, in turn, obtains cocaine directly from Crockett at his residence.  She

_____

[1] CI #4107-08 was identified as "Andrew Holland" in the affidavit. Application for Search Warrant and Authorization, 8/6/2008, Affidavit of Probable Cause, at 3.

also told the officer that LaMorte knows she is an informant, and will only sell her cocaine through D'George. *Id.* at 6.

On August 5, 2008, at approximately 6:30 p.m., the CI contacted D'George to set up the purchase. The parties met in a Burger King parking lot. D'George then called LaMorte to secure the drugs. LaMorte eventually met up with them at another location, and told D'George that the CI could not go with him to get the crack cocaine. D'George then took the CI's buy money and left with LaMorte to retrieve the drugs. *Id.*

Meanwhile, another officer observed Crockett enter his residence at 1911 West Chestnut Avenue. LaMorte spoke to Crockett and then told D'George they had to go to a strip mall behind Crockett's residence. After they arrived, LaMorte took the buy money from D'George and waited in an alley behind Crockett's residence. Approximately 10 minutes later, an officer observed Crockett leave his residence, enter his car, and drive to the alley where LaMorte was waiting. The two met for a few minutes, during which time LaMorte introduced D'George to Crockett. The men then returned to their respective vehicles and drove away. Once inside the vehicle, LaMorte handed D'George two baggies of crack cocaine. D'George then met with the CI to turn over the drugs. *Id.* at 6-7. The charges that arose from this incident were dismissed at the preliminary hearing.

Based upon the above incidents detailed in the probable cause affidavit, a search warrant for Crockett's residence, 1911 West Chestnut Avenue in Altoona, was approved on August 6, 2008, and executed on

August 8, 2008. During the search, officers recovered drugs and firearms, which resulted in the charges at Docket Number 2287-2008.

Prior to trial, Crockett filed two motions: (1) on September 10, 2008, a motion to sever the drug charges; and (2) on March 24, 2009, a motion in *limine*, which in reality sought to suppress the evidence recovered during the execution of the search warrant. In the second motion, Crockett argued the affidavit of probable cause did not include sufficient facts to justify issuance of the warrant. *See* Motion in *Limine*, 3/24/2009. On September 3, 2009, the trial court denied both motions. Thereafter, on January 8, 2010, the trial court granted Crockett's oral motion to sever the firearm charges from the drug charges.[2]

The cases involving the drug charges were consolidated and proceeded to a jury trial before the Honorable Elizabeth A. Doyle. However, on Mach 2, 2010, the second day of trial, Crockett elected to enter a guilty plea to the following charges:

(1) Docket Number 895-2008: Possession of Controlled Substances, Duties at Stop Sign, and Driving While Operating Privilege is Suspended or Revoked;[3]

_____

[2] The only firearm charges pending against Crockett were for guns recovered during the execution of the search warrant, and were docketed at Number 2287-2008.

[3] 35 P.S. § 780-113(a)(16) and 75 Pa.C.S. §§ 3323(b) and 1543(a), respectively.

(2) <u>Docket Number 996-2008</u>: Possession with Intent to Deliver Controlled Substances (PWID), Possession of Controlled Substances, and Criminal Use of Communication Facility;[4]

(3) <u>Docket Number 997-2008</u>: Criminal Conspiracy, Criminal Use of Communication Facility, PWID, and Possession of Controlled Substances;[5]

(4) <u>Docket Number 2284-2008</u>: Criminal Conspiracy, PWID, and Possession of Controlled Substances;[6] and

(5) <u>Docket Number 2287-2008</u>: PWID, Possession of Controlled Substances, and Possession of Drug Paraphrenalia.[7]

In exchange for the pleas, the Commonwealth withdrew the remaining charges, and agreed to an aggregate sentence of seven and one-half to 15 years' imprisonment. The specific sentences imposed at each count are listed in the trial court's written order entered March 2, 2010. **See** Order, 3/2/2010.

The severed firearm charges at Docket Number 2287-2008 proceeded to trial before the Honorable Hiram A. Carpenter, III. Again, after trial had begun, Crockett elected to enter a guilty plea. On April 21, 2010, he pled

---

[4] 35 P.S. §§ 780-113(a)(30) and (a)(16), and 18 Pa.C.S. § 7512(a), respectively.

[5] 18 Pa.C.S. §§ 903 and 7512(a), and 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

[6] 18 Pa.C.S. § 903, and 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

[7] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

guilty to three counts of persons not to possess firearms, 18 Pa.C.S. § 6105(a). The court sentenced Crockett the next day to a term of 10 to 20 months' imprisonment on each count, with two counts running consecutively to each other, and consecutively to the previous sentence imposed on March 2, 2010. *See* Order, 4/22/2010. Crockett did not seek to withdraw either guilty plea, nor did he file a direct appeal from either judgment of sentence.

Thereafter, Crockett filed two, *pro se*, PCRA petitions: the first, on September 8, 2010, related to the drug charges; and the second, on October 25, 2010, related to the firearm charges. Both petitions challenged the trial court's denial of Crockett's pretrial suppression motion. Specifically, Crockett argued the warrant was invalid because the charges involving the August 5, 2008, controlled buy were dismissed at a preliminary hearing. Further, Crockett asserted the trial court improperly conducted a suppression hearing on July 21, 2009, in his absence, and did not require the Commonwealth to meet its burden of establishing the validity of the warrant. He concluded the court's subsequent erroneous denial of his suppression motion caused him to enter an involuntary guilty plea. *See* Motion for Post Conviction Collateral Relief, 9/8/2010, at 3; Motion for Post Conviction Collateral Relief, 10/25/2010, at 3.

Counsel was appointed and the two PCRA petitions were consolidated for disposition. At a January 10, 2010, hearing before Judge Doyle, Crockett requested the trial judge recuse herself because he intended to call her as a

witness in his PCRA proceeding. Judge Doyle granted Crockett's request and the case was reassigned.

On March 9, 2012, appointed counsel sent a letter to the PCRA court, indicating that he did not intend to file an amended petition, but outlining two issues for the court's review: (1) prior counsel's ineffectiveness for proceeding with a suppression hearing in Crockett's absence and (2) Judge Doyle's lack of a valid bond or oath on file with the Secretary of the Commonwealth. *See* Letter, 3/9/2012. An initial PCRA hearing was conducted on June 12, 2012. Thereafter, counsel filed an amended petition in which he raised three additional claims asserting the ineffectiveness of prior counsel for (1) failing to advise Crockett of a plea offer, (2) failing to provide proper trial strategy, and (3) failing to raise a claim of after-discovered evidence. A second PCRA hearing was conducted on November 16, 2012, at the conclusion of which the PCRA court ordered both parties to file briefs. Subsequently, on June 21, 2013, the court entered an order denying Crockett's PCRA petition.

On July 12, 2013, Crockett filed a *pro se* response to the order, in which he expressed his desire to "waiv[e] counsel and proceed[] Pro Se[,]" and set forth three claims PCRA counsel failed to raise before the court. Petitioner's *Pro Se* Response, 7/12/2013, at 1. Namely, Crockett alleged that (1) the search warrant "did not contain sufficient probable cause[,]" (2) he had standing to challenge the search at a suppression hearing, and (3) after he filed a motion to suppress, the Commonwealth was required to

"produce real-live witnesses subject to cross examination" at a suppression hearing. *Id.* at 2-3. On July 16, 2012, Crockett filed a *pro se* notice of appeal, and a motion seeking to waive counsel.

On July 22, 2013, the PCRA court entered an order, noting Crockett's "intention to waive his right to counsel and proceed on appeal as Self-Represented Litigant," and vacating its prior order appointing PCRA counsel. Order, 7/22/2013. On November 7, 2013, this Court, *sua sponte*, remanded the case for a **Grazier**[8] hearing to determine if Crockett's "desire to proceed *pro se* is knowing, voluntary, and intelligent." Order, 11/17/2013. The PCRA court conducted a **Grazier** hearing on December 6, 2013, and entered an order, that same day, granting Crockett's petition to proceed *pro se*. This timely appeal follows.[9]

In his first issue, Crockett contends the search warrant, which led to the charges at Docket Number 2287-2008, did not contain sufficient probable cause to justify the search of his residence. Specifically, he argues the probable cause affidavit included "knowingly deliberate misstatements" by the affiant, Sergeant Johannides. Crockett's Brief at 21. Furthermore, he

_____

[8] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[9] The PCRA court did not direct Crockett to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Therefore, the only issues addressed in the trial court's opinion are those that were raised in counsel's amended PCRA petition.

asserts the charges emanating from the purported August 5, 2008, controlled buy were dismissed at the preliminary level. Therefore, he contends the affidavit of probable cause was insufficient to support the search of his residence.[10] Moreover, he summarily argues all prior counsel were ineffective for failing to properly litigate this claim previously.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Preliminarily, we must consider the procedural posture of Crockett's claim. To the extent Crockett challenges the issuance of the search warrant, such a claim is waived, because Crockett entered a guilty plea. "[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and …

_____

[10] He also asserts the warrant "failed to establish a nexus between the place to be searched and the evidence sought[.]" Crockett's Brief at 20. This specific claim, however, was not raised in either of Crockett's *pro se* PCRA petitions, or the amended petition filed by PCRA counsel. Accordingly, it is waived for our review. *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998)

the legality of the sentence imposed[.]" ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014) (internal quotation marks omitted). However, a claim that the erroneous denial of a suppression motion induced a defendant to enter an involuntary plea is cognizable on collateral review. ***See*** 42 Pa.C.S. § 9543(a)(2)(iii) (PCRA relief available if a petitioner pleads and proves that his conviction resulted from a guilty plea "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent."). Unfortunately, Crockett does not raise this specific claim, and he does not assert he is innocent of the charges.

Therefore, Crockett's only avenue for relief is a challenge to counsel's ineffectiveness for failing to properly litigate his suppression motion, which resulted in him entering an involuntary guilty plea. ***See Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. 2013) (noting the requirement, under unlawfully induced guilty plea section of PCRA, that a petitioner must prove he is innocent "does not apply to assertions of ineffective assistance of plea counsel.").

Our review of an ineffectiveness claim is well-settled:

We begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must **plead and prove**, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable

basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To establish the third, *i.e.*, the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 259-260 (Pa. 2011) (internal citations omitted and emphasis supplied). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Keaton*, 45 A.3d 1050, 1061 (Pa. 2012) (citations omitted).

Our review of Crockett's brief reveals that while he asserts the ineffectiveness of prior counsel in his statement of questions involved, and sets forth the relevant standard in his statement of the scope and standard of review,[11] he fails to develop this claim in the argument section of his brief in any meaningful way. A petitioner must demonstrate each prong of the ineffectiveness test in order to obtain relief. *Commonwealth v. Steele*, 961 A.2d 786, 800 (Pa. 2008) (finding petitioner failed to meet his burden of demonstrating counsel's ineffectiveness when "[h]is entire argument seem[ed] to be directed towards the arguable merit prong."). Crockett's failure to do so renders his ineffectiveness claim waived. *See Commonwealth v. Roney*, 79 A.3d 595, 609 (Pa. 2013) (finding ineffectiveness claim waived when petitioner mentioned counsel's

---

[11] *See* Crockett's Brief at 3, 4.

ineffectiveness only in statement of questions involved), *cert denied*, 135 S.Ct. 56 (2014).

Furthermore, we note that even if Crockett's challenge was not waived, he would still be entitled to no relief. In his brief, Crockett argues the probable cause affidavit supporting the search warrant was invalid because two purported witnesses later denied any knowledge of Crockett's drug dealing, and the charges resulting from the August 5, 2008, controlled buy were dismissed at the preliminary hearing. However, the record reveals trial counsel raised **these same issues** in a memorandum of law filed before the trial court.[12] ***See*** Defendant's Memorandum of Law in Support of Motion in *Limine*, 8/4/2009, at 2-5. Counsel asserted that both D'George and LaMorte had denied purchasing drugs from Crockett, and noted that the charges from the purported August 5, 2008, controlled buy were dismissed at the preliminary hearing "due to a lack of competent evidence." ***Id.*** at 4. Accordingly, no relief is due on this claim.

Next, in a related issue, Crockett argues he was denied his right to participate in a suppression hearing, and "'to test the truthfulness of recitals

_____

[12] On July 21, 2009, trial counsel and the Commonwealth met with the trial court concerning Crockett's suppression motion styled as a "motion in *limine*." N.T., 6/12/2012, at 11. However, there was no hearing conducted. Rather, the Commonwealth indicated that it would rely on the probable cause affidavit, and the trial court requested the parties file legal memoranda. Thereafter, on September 3, 2009, the trial court entered an order denying Crockett's motion.

in [the] search warrant affidavit[.]'" Crockett's Brief at 23. In addition, he contends the trial court erred when it denied his suppression motion.[13] ***Id.*** at 25.

To the extent Crockett asserts the trial court erred in failing to conduct a suppression hearing, that claim is waived as it could have been raised on direct appeal.[14] ***See*** 42 Pa.C.S. §§ 9543(a)(3); 9544(b). Moreover, Crockett, again, does not develop an allegation of trial counsel's ineffectiveness for failing to raise this claim previously.[15] Accordingly, this issue is waived.

The same is true of Crockett's contention that the trial court erred in denying his suppression motion. The proper time to challenge a trial court's denial of a pretrial suppression motion is on direct appeal. Crockett failed to file a direct appeal, and does not develop an argument that counsel was

_____

[13] Crockett also claims in his brief that he had standing to challenge the search *via* a suppression motion. Crockett's Brief at 23. Since neither the trial court, nor the Commonwealth, ever denied Crockett standing, we need not address this claim on appeal.

[14] Although the trial court did not conduct a suppression hearing as is required by Pennsylvania Rule of Criminal Procedure 581(E), it merits mention that the motion was presented to the trial court after the time for filing a motion to suppress had expired, and in the form of a motion in *limine*.

[15] We note that although trial counsel testified at the PCRA hearing, neither PCRA counsel, nor Crockett himself, questioned counsel about his failure to request a formal suppression hearing pursuant to Rule 581(E). ***See*** N.T., 11/16/2012, at 2-28.

ineffective for failing to raise this claim previously, or for failing to file a direct appeal. Therefore, no relief is warranted.

In his third issue, Crockett asserts PCRA counsel was ineffective for failing to "obtain transcripts … essential to [his] case." Crockett's Brief at 28. Moreover, he complains the Commonwealth "did not provide a copy of [the] sealed search warrant … until well after the arraignment in direct violation of [Pa.R.Crim.P.] 211(H)(1), (2)."[16] *Id.*

Although Crockett refers to transcripts requested in an August 12, 2012, motion, he does not specify what transcripts he still has not received. More importantly, he fails to explain why these missing transcripts are necessary to his appeal. Lastly, with respect to the Commonwealth's

_____

[16] Pennsylvania Rule of Criminal Procedure 211 provides, in relevant part:

> (H) When criminal proceedings are instituted as a result of the search,
>
> (1) A copy of the sealed affidavit(s) shall be given to the defendant at or before the preliminary hearing unless otherwise ordered as provided in paragraph (H)(2).
>
> (2) Upon motion of the attorney for the Commonwealth, the justice or judge who issued the warrant, for good cause shown, may delay giving the defendant a copy of the sealed affidavit(s) for periods of not more than 30 days. In no case shall the delay extend beyond the date of the court arraignment.

Pa.R.Crim.P. 211(H)(1)-(2).

purported failure to provide him with a copy of the sealed search warrant until "well after arraignment," Crockett fails to explain how he was prejudiced by the delay. Crockett's Brief at 28.

While we acknowledge Crockett is proceeding *pro se*, we emphasize that it was **his choice** to do so. Indeed,

> [a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citations omitted).

The final issue raised in Crockett's brief consists of the following one-sentence argument:

> Appellant specifically asserts and submits that all prior counsel provided ineffective assistance by failing to raise and properly litigate the issues presented in this Brief.

Crockett's Brief at 28. Crockett does not develop an argument regarding any of the three ineffectiveness prongs, and simply re-states his bald allegation that prior counsel was ineffective. This claim is, too, waived.

Order affirmed. Crockett's Motion for Post Submission (10/9/2014), and Application for Leave to File Post Submission (12/8/2014), are denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/14/2015</u>