COMMONWEALTH of Pennsylvania,
Appellee

v.

Hakim CARTER, Appellant.

Superior Court of Pennsylvania.

Submitted March 28, 2011.
Filed May 26, 2011.

Richard T. Brown, Jr., Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, and Mary L. Huber, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: FORD ELLIOTT, P.J.E., ALLEN and STRASSBURGER,* JJ.

OPINION BY ALLEN, J.:

Hakim Carter ("Appellant") appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541–46. We reverse and remand for an evidentiary hearing.

* Retired Senior Judge assigned to Superior Court.

The pertinent facts and procedural history may be summarized as follows: Following a bench trial held on April 17, 2007, Appellant was convicted of drug charges. On June 1, 2007, the trial court imposed a mandatory sentence of three to six years of imprisonment. Thereafter, Appellant neither filed post-sentence motions nor a direct appeal to this Court. On May 15, 2008, Appellant filed a timely *pro se* PCRA petition. Present counsel was appointed, and an amended PCRA petition was filed on September 18, 2009. In this amended petition, Appellant claimed that he was entitled to the reinstatement of his appellate rights pursuant to the United States Supreme Court decision in *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), because trial counsel allegedly failed to consult with him about filing a direct appeal. The Commonwealth filed its response on November 4, 2009. Appellant filed a second amended PCRA petition on February 12, 2010. By order entered June 11, 2010, the PCRA court dismissed Appellant's petition without a hearing. This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

1. Did the [PCRA] court err in denying complete reinstatement of appellate rights where, in violation of *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), a criminal defendant's prior counsel failed to consult with [Appellant] about his appellate rights? This includes subsidiary questions such as whether the court erred in refusing to hold an evidentiary hearing, refusing to compel [trial counsel] to answer whether he so consulted, placing the burden on a criminal defendant to demonstrate that sufficient consultation had occurred

when the premise of the law is that a defendant does not know, until and unless a sufficient consultation occurs, what appellate rights he has, and whether the federal and state constitutions prohibit this result.

Appellant's Brief at 2.

■ This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super.2008), *citing Commonwealth v. McClellan*, 887 A.2d 291, 298 (Pa.Super.2005), *appeal denied*, 587 Pa. 687, 897 A.2d 453 (2006). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super.2001).

■ Appellant asserts that trial counsel did not adequately consult with him regarding the potential to appeal to this Court. He argues that, in denying him a hearing to address this claim, the PCRA court placed an impossible burden on him. We agree.

In *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, the United States Supreme Court recognized an ineffective assistance of counsel claim based upon trial counsel's failure to consult with his client concerning the client's right to file a direct appeal from his judgment of sentence. This Court applied *Roe* to a Pennsylvania criminal defendant seeking to appeal from his

judgment of sentence in *Commonwealth v. Touw*, 781 A.2d 1250 (Pa.Super.2001). This Court has summarized the pertinent law arising from the *Roe* and *Touw* decisions as follows:

> The *Roe* Court begins its analysis by noting: "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 [120 S.Ct. 1029.] In *Commonwealth v. Touw*, 781 A.2d 1250 (Pa.Super.2001), this Court concisely summarized the remainder of the *Roe* decision as follows: The [United States Supreme] Court began its analysis by addressing a separate, but antecedent, question: "whether counsel in fact consulted with the defendant about an appeal." The Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." The Court continued[:]
>
>> If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?
>
> [*Roe*, at 478, 120 S.Ct. 1029]. The Court answered the question by holding:
>
>> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reason-

ably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. [*Id.* at 480, 120 S.Ct. 1029]. A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice. The [*Roe*] Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." [*Id.*]

*Commonwealth v. Gadsden*, 832 A.2d 1082, 1086–87 (Pa.Super.2003) (quoting *Touw*, 781 A.2d at 1254).

In *Gadsden*, this Court further discussed *Touw* as follows:

> Pursuant to this analysis, the *Touw* Court recognized as a cognizable claim under the PCRA an allegation of ineffective assistance of counsel based on counsel's failure to consult adequately with the petitioner about filing a direct appeal. This Court held that the PCRA court had abused its discretion in dismissing the petitioner's claim without making adequate findings of fact as to whether counsel had adequately consulted with the petitioner about the advantages and disadvantages of taking an appeal. The case was therefore remanded to the PCRA court for more findings of fact regarding counsel's consultation, if any, with the petitioner about the filing of a direct appeal and, if necessary, a further evidentiary hearing on the matter. In adopting *Roe*, the *Touw* Court expanded a petitioner's rights on direct appeal to include adequate consultation with counsel.

*Gadsden,* 832 A.2d at 1087 (citations omitted).

In this case, the PCRA court did not make—in fact, could not make—any factual findings regarding whether counsel adequately consulted with Appellant because it dismissed Appellant's PCRA petition without first holding an evidentiary hearing at which trial counsel could testify with regard to his communications with Appellant. In doing so, the PCRA court erred.

■ By denying a hearing, the PCRA court first concluded that Appellant did not establish that a hearing was warranted because a letter received from trial counsel neither stated or implied that trial counsel failed to consult with Appellant, and Appellant did not certify trial counsel as a proposed witness within his PCRA petition. We cannot agree. As stated in *Touw,* a PCRA court must make factual findings regarding whether trial counsel adequately consulted with a criminal defendant regarding the advantages and disadvantages of filing an appeal. Of necessity, such factual findings must be based on testimony from trial counsel at an evidentiary hearing.

Citing *Commonwealth v. Bath,* 907 A.2d 619 (Pa.Super.2006), the PCRA court further concluded that, even if his trial counsel failed to adequately consult with Appellant about filing an appeal, Appellant could not establish prejudice because the issues he claims he could have raised were, in the PCRA court's estimation, frivolous. Reliance upon our decision in *Bath,* however, is inapt because it involved the failure to consult with regard to filing a discretionary appeal to our Supreme Court, rather than an appeal as of right to this Court. In short, this Court in *Bath* discussed the frivolity of further review of issues already determined to be meritless on direct appeal, rather than issues that had yet to receive appellate review.

■ Because Appellant concedes he did not request a direct appeal, he is not entitled to the reinstatement of his rights *nunc pro tunc* based upon trial counsel's ineffectiveness *per se. Touw,* 781 A.2d at 1254. Nevertheless, given the PCRA court's dismissal of Appellant's PCRA petition without a hearing, the record is insufficient to permit appellate review of Appellant's claim that trial counsel failed to adequately consult with him. We therefore remand this matter for an evidentiary hearing to determine whether Appellant's trial counsel consulted with Appellant regarding the decision to not file an appeal, and whether this consultation met the standards pronounced in *Roe, supra,* and *Touw, supra.* "If the PCRA court finds that counsel did not discuss the prospects for an appeal with Appellant, a finding will be necessary regarding whether Appellant would have timely appealed but for counsel's failure to consult." *Touw,* 781 A.2d at 1255. If the PCRA court concludes that Appellant would have filed an appeal after proper consultation, Appellant's appeal rights shall be reinstated.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.