J-S55034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND S. DOMAN, JR. | |
| Appellant | No. 212 EDA 2014 |

Appeal from the PCRA Order January 2, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005671-2010

BEFORE: BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 24, 2015**

Raymond S. Doman, Jr., appeals from the order entered January 2, 2014, in the Bucks County Court of Common Pleas, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Doman seeks relief from the judgment of sentence of an aggregate 14 to 28 years' imprisonment following his jury conviction of theft, criminal mischief, robbery (two counts), simple assault, recklessly endangering another person (REAP), resisting arrest, and fleeing or attempting to elude police officer.[1] On appeal, Doman challenges the ineffectiveness of trial counsel for failing to object to the transfer of some of the charges from

---

[1] 18 Pa.C.S. §§ 3921, 3304, 3701(a)(1)(ii) and (iv), 2701, 2705, and 5104, and 75 Pa.C.S. § 3733, respectively.

Montgomery County to Bucks County. For the reasons that follow, we affirm.

The facts underlying Doman's arrest and conviction are as follows.[2] On June 8, 2010, Doman stole a white Volkswagen Eos from the parking lot of the Willow Grove Mall in Montgomery County, Pennsylvania. One week later, on June 15, 2010, David Clee, a retired police officer, noticed Doman standing next to a sports utility vehicle (SUV) in the parking lot of the Neshaminy Mall in Bucks County, Pennsylvania, with the Volkswagen Eos idling in the nearby travel lane. Suspecting Doman was trying to steal the SUV, Clee approached and saw Doman in the SUV with broken glass on the ground. Clee then took the keys from the idling Volkswagen and walked towards the mall for help. Doman ran after Clee, "sucker punched" him, and proceeded to punch him until Clee relented. *Id.* at 2. Doman took the keys to the Volkswagen from Clee's pocket and fled. A witness provided the police with the Volkswagen's license plate number.

On June 21, 2010, another witness observed Doman prowling around cars parked in the Cornwell Height's Park & Ride lot in Bucks County, Pennsylvania. After Doman broke into a car, the witness called police. A Pennsylvania State Trooper arrived shortly thereafter and saw Doman who

---

[2] The facts are summarized in more detail in the PCRA court's opinion. *See* PCRA Court Opinion, 4/22/2014, at 1-5.

met the description of the culprit. The officer exited his vehicle, identified himself, and drew his weapon, ordering Doman to freeze. Doman ignored the trooper's directive and got into the Volkswagen parked nearby. Although the trooper tried to take the keys from the ignition, Doman accelerated while the trooper's body was hanging from the window. The trooper discharged his service weapon several times until he was able to get free. Doman, unharmed, then fled the scene. The police found the Volkswagen abandoned near the Delaware River in Bensalem, Pennsylvania. Doman was discovered a few hours later, hiding in a nearby wooded area.

Doman was charged with numerous offenses stemming from all three incidents. In August of 2010, the Montgomery County District Attorney's Office agreed to withdraw the charges filed against Doman in Abington Township based upon the June 8, 2010, car theft at Willow Grove Mall, so that the Bucks County District Attorney's Office could prosecute Doman for all three incidents.[3] The case proceeded to a jury trial in Bucks County, and on December 10, 2010, the jury returned a verdict of guilty on the following charges: (1) with respect to the June 8th incident in Montgomery County - theft and criminal mischief; (2) with respected to the June 15th

_____

[3] **See** Letter from Montgomery County District Attorney's Office Chief of Staff to Bucks County District Attorney, 8/26/2010.

incident in Bucks County – simple assault and two counts of robbery; and (3) with respect to the June 21st incident in Bucks County – fleeing or attempting to elude police officer, REAP, and resisting arrest. The jury found Doman not guilty on charges of aggravated assault (four counts), simple assault, possessing an instrument of crime, and driving under suspension.[4] On May 20, 2011, the trial court imposed an aggregate sentence of 14 to 28 years' imprisonment. Doman filed a timely motion for reconsideration of sentence, which was denied by the trial court.

Although Doman failed to file a timely appeal, on August 16, 2011, he filed a motion for reinstatement of his direct appeal rights *nunc pro tunc*, which the trial court promptly granted. On appeal, this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Doman's petition for allocator review. ***See Commonwealth v. Doman***, 55 A.3d 134 (unpublished memorandum) (Pa. Super. 2012),[5] *appeal denied*, 57 A.3d 67 (Pa. 2012).

On January 29, 2013, Doman filed a timely, *pro se* PCRA petition. Counsel was appointed, and the court conducted two PCRA hearings on

---

[4] 18 Pa.C.S. §§ 2702, 2701, and 907, and 75 Pa.C.S. § 1543, respectively.

[5] On direct appeal, Doman challenged the jury instructions, the sufficiency of the evidence, and the discretionary aspects of his sentence.

November 18, 2013, and January 2, 2014.[6]  Following the second hearing, the court dismissed Doman's petition.  This timely appeal followed.[7]

The sole issue Doman raises on appeal challenges the ineffectiveness of trial counsel for failing to object to the transfer of the Montgomery County charges to Bucks County.  He acknowledges Pennsylvania Rule of Criminal Procedure 555 allows for a choice of venue when charges arising from the same criminal episode occur in different judicial districts.  However, he contends the Commonwealth failed to file the written agreement authorizing the transfer of the charges to Bucks County in violation of the rule.  Further, Doman argues that, here, "[t]he only fact that the three incidents share is that Doman was unlawfully in possession of a white Volkswagen Eos that belonged to another person."  Doman's Brief at 16.  Rather, he maintains "the theft of the Volkswagen was a separate and distinct incident from the violent offenses that were charge[d] in relation to the Bucks County acts[,]"

_____

[6] We note that although appointed counsel did not file an amended PCRA petition, she did fully participate in both of Doman's PCRA hearings and presented cogent arguments on his behalf.  However, we caution counsel that the best practice is to file an amended petition when appointed by the court as PCRA counsel.

[7] On January 23, 2014, the PCRA court ordered Doman to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Doman complied with the court's directive and filed a concise statement on February 10, 2014.

and counsel's failure to object to the transfer of the charges is an issue of arguable merit. *Id.*

Moreover, Doman rejects counsel's claim that the failure to object was strategic. Counsel testified his theory of the case was that Doman committed "thefts of opportunity rather than thefts of violence[,]" and that "[t]he inclusion of the Montgomery County offense was consistent with his theory[.]" *Id.* at 18. However, Doman asserts counsel still could have pursued that theory without "needlessly" exposing Doman to an aggregate sentence with the inclusion of the Montgomery County theft. *Id.* at 19. Lastly, Doman contends that he was prejudiced by counsel's failure to object because he would have pled guilty to the theft in Montgomery County, and would not have received a sentence above the aggravated range of the sentencing guidelines.[8]

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d

_____

[8] The standard range of the guidelines for Doman's Montgomery County theft offense called for a minimum sentence of 12 to 18 months' imprisonment, with an aggravated range of 21 months. *See* Guideline Sentence Form, 5/20/2011. The statutory maximum sentence for the crime was 42 to 84 months' imprisonment. *Id.* Therefore, Doman's sentence of 24 to 48 months' (two to four years') incarceration fell outside the aggravated guidelines range.

- 6 -

1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Where, as in the present case, the petitioner's only claim is a challenge to the ineffectiveness of prior counsel, our review is well-established:

> We begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To establish the third, *i.e.*, the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

***Commonwealth v. Spotz***, 18 A.3d 244, 259-260 (Pa. 2011) (internal citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1061 (Pa. 2012) (citations omitted).

Pennsylvania Rule of Criminal Procedure 555 provides, in relevant part:

> (A) In all cases in which charges arising from a single criminal episode occur in more than one judicial district:

(1) If the charges are filed in more than one judicial district, at any time after the case is held for court, the proceedings may be transferred to one of the judicial districts.

* * * *

(B) The judicial district to which the proceedings are to be transferred shall be determined either:

* * * *

(2) by written agreement of the attorneys for the Commonwealth, filed with the clerk(s) of courts of the judicial district(s) in which the charges are pending, with service upon the defendant or defendant's counsel, and an opportunity for the defendant to object.

* * * *

(D) Upon the filing of the agreement of the attorneys for the Commonwealth in paragraph (B)(2),

(1) absent an objection within 10 days of filing, the court promptly shall order the transfer of the proceedings. …

Pa.R.Crim.P. 555.

Similarly, Rule 130 addresses the issue of venue before charges are filed. It states, in relevant part:

When charges arising from the same criminal episode occur in more than one judicial district, the criminal proceeding on all the charges may be brought before one issuing authority in a magisterial district within any of the judicial districts in which the charges arising from the same criminal episode occurred.

Pa.R.Crim.P. 130(A)(2).

Our review of the record in the present reveals that the Montgomery County charges were filed, and later withdrawn, after the Bucks and Montgomery County district attorney's offices agreed to prosecute all three

incidents in Bucks County. *See* Letter from Montgomery County District Attorney's Office Chief of Staff to Bucks County District Attorney, 8/26/2010. The agreement, dated August 26, 2010, was entered into before Doman was arraigned in Bucks County on October 1, 2010, for the charges stemming from all three incidents. Therefore, while the docket reflects no formal transfer order by the Bucks County trial court pursuant to Rule 555(D)(1), it appears the transfer occurred before Doman was formally arraigned on October 1, 2010, in Bucks County on the charges for all three incidents.

Furthermore, when considering whether separate offenses constitute a single criminal episode, we are guided by the following:

> The determination of what constitutes a single criminal episode must not be approached in a rigid or hypertechnical manner …. Rather, when determining what constitutes a single criminal episode, we consider (1) the temporal relationship between the acts in question and (2) the logical relationship between the acts. In determining whether a number of offenses are "logically related" to one another, a court should inquire into whether there is a substantial duplication of factual and/or legal issues presented by the offenses; if there is substantial duplication, then the offenses are logically related and must be prosecuted at one trial.

*Commonwealth v. Wittenburg*, 710 A.2d 69, 73 (Pa. Super. 1998) (citation omitted) (considering whether subsequent prosecution is barred pursuant to compulsory joinder rule in 18 Pa.C.S. § 110), *appeal denied*, 727 A.2d 1120 (Pa. 1998).

The PCRA court provided the following cogent analysis of Doman's ineffectiveness claim:

> Obviously, [trial counsel] can only be found ineffective if there is some arguable merit to the motion to transfer proceedings which he admittedly did not file. However, both the Montgomery County and Bucks County cases arose from the same criminal episode thereby justifying the Bucks County's grant of jurisdiction because there is a substantial temporal and logical relationship between the two. The theft of the Volkswagen vehicle from Montgomery County and the numerous crimes that later occurred in Bucks County are temporally related because this stolen vehicle was used by [Doman] just a week later in Bucks County. In terms of the logical relationship, two separate trials would have resulted in numerous witnesses being required to testify twice to substantially the same facts which underlie [Doman's] offenses, creating an unnecessary burden on judicial resources in the process. Two witnesses in Bucks County were in close proximity to the White Volkswagen just prior to Mr. Clee's assault, and were able to view its occurrence, call police, and get the license plate of the aforementioned Volkswagen while [Doman] fled in same. Furthermore, [Doman's] assault of Mr. Clee was, arguably, the result of Mr. Clee retrieving the keys from the stolen Volkswagen to prevent [Doman's] escape. Therefore, because both involve the same criminal episode, this claim has no merit and hearing all charges in Bucks County eliminated duplication of effort on the part of the parties involved and prevented the waste of judicial resources.

> It follows that [trial counsel] had a reasonable basis for not filing what would have been a useless motion and was, therefore, not ineffective for failing to do so. However, another separate and distinct reasonable basis for not objecting to the consolidation existed in the alternative. [Trial counsel] testified that the ultimate theory of the case was to show that [Doman] was a thief of opportunity and, although he had a long history of thefts, he was not violent or aggressive towards anyone in perpetration of these prior crimes. Therefore, because the taking of the Volkswagen is wholly consistent with that theory,

[trial counsel] deemed it advantageous for the jury to hear evidence regarding this Montgomery County theft.

Finally, in terms of prejudice, at the PCRA proceedings [the court] commented that:

> … the most that could have been done would be to lodge an objection to the District Attorney's motion, we would then have a hearing on it and I would make a decision from the facts that it was a part of the total events that happened in Bucks County, and for that reason alone the motion would have been denied, because we would have had the same witnesses and some of the same facts gone over in two separate trials.

(N.T., 20, Jan. 2, 2014). Furthermore, [trial counsel] did testify that he "touched on" the topic of venue with [Doman] but cannot recall the specifics surrounding this conversation because it was never an issue of contention. Regardless, we would not have granted the motion had there been an objection to venue on this basis even if [Doman] requested it and [trial counsel] complied and, therefore, there exists no prejudice for [trial counsel's] failure to raise this motion.

PCRA Court's Opinion, 4/22/2014, at 13-15 (some record citations omitted).

We agree with the PCRA court's analysis. With respect to the prejudice prong, we also note that Doman contends in his brief that had the Montgomery County charges not been transferred to Bucks County, he would have pled guilty to the theft offenses in Montgomery County, and he would not have received a sentence above the aggravated range. We find this claim specious. Doman did not testify during the PCRA hearings, and never averred that he would have entered a guilty plea had the charges remained in Montgomery County. Moreover, his contention that a

Montgomery County judge would have imposed a lesser sentence for his crime is pure speculation.

Therefore, because we agree with the PCRA court that Doman has failed to demonstrate trial counsel's ineffectiveness, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015