J-S21022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOEL VASQUEZ | |
| Appellant | No. 2004 EDA 2014 |

Appeal from the PCRA Order June 20, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003099-2012

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 08, 2015**

Appellant Joel Vasquez appeals from the order entered in the Lehigh County Court of Common Pleas, which dismissed his petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  For the reasons that follow, we reverse the order of the PCRA court and reinstate Appellant's appeal rights *nunc pro tunc*.

The PCRA court summarized the relevant procedural history of this appeal as follows:

> On January 18, 2013, [Appellant] entered a negotiated guilty plea to two counts of aggravated assault (18 [Pa.C.S.] §2702(a)(4) and §2702(a)1)) and one count of recklessly endangering another person (18 [Pa.C.S.]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

§2705).[2]    In exchange, the Commonwealth agreed to bind the court to a standard range sentence.  On February 19, 2013, [Appellant] was sentenced to serve an aggregate sentence of no less than 70 months nor more than 30 years of incarceration. At the time, [Appellant] was represented by Earl Supplee, Esquire of the Office of the Public Defender of Lehigh County.

On March 1, 2013, [Appellant] filed a *pro se* motion to modify and reduce sentence.  Said motion was denied by this court on March 5, 2013.[3]

On October 15, 2013, [Appellant] wrote a letter to this court, which the court considered a motion to file appeal *nunc pro tunc*.  On the same day, the court denied the motion.

On November 4, 2013, [Appellant] filed a *pro se* [PCRA petition].  On November 5, 2013, Charles Banta, Esquire was appointed to represent [Appellant] for purposes of his PCRA petition and was ordered to file an amended PCRA petition.  An Amended PCRA Petition was filed on February 25, 2014.

On June 20, 2014, a PCRA hearing was held, with [Appellant] participating via videoconference while remaining incarcerated at the State Correctional Institution at Benner Township.   Testimony was taken from [Appellant] and his trial counsel, Earl Supplee, Esquire and arguments were made by the Commonwealth and PCRA Counsel Banta.  At the conclusion of the hearing, the court denied the PCRA Petition.

---

[2] These charges stem from an incident in which Appellant stabbed two people and himself.  Although Appellant was diagnosed with paranoid schizophrenia and was not taking his medication at the time of the stabbings, he elected not to employ an insanity defense.  **See** N.T., 1/18/13, at 11.

[3] The court denied the motion on its merits.

> [Appellant] filed an appeal of the PCRA denial on June 30, 2014 and a statement of matters complained of on appeal on July 17, 2014.

PCRA Court Opinion, filed September 11, 2014, at 2-3 (unnecessary capitalization omitted).

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND COUNSEL INEFFECTIVE WHEN APPELLANT ESTABLISHED HE REQUESTED COUNSEL TO FILE AN APPEAL AND COUNSEL FAILED TO ACT UPON THE REQUEST?

Appellant's Brief at 5.

Appellant argues his trial counsel was ineffective for failing to consult with him following sentencing, and for failing to file post-sentence motions or an appeal when he knew or should have known that Appellant wanted to appeal his judgment of sentence. Appellant concludes his trial counsel's ineffectiveness entitles him to the reinstatement of his appeal rights *nunc pro tunc*. We agree.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

Initially, we note that claims of ineffective assistance of counsel are cognizable under the PCRA and Appellant's PCRA petition is timely. ***See*** 42 Pa.C.S. §§ 9543(a)(2)(ii), 9545(b).

Generally, this Court follows the ***Pierce***[4] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-*i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

***Commonwealth v. duPont***, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. ***Commonwealth v. Meadows***, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the

---

[4] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (2010) (citation omitted).

"[In] ***Roe v. Flores–Ortega****,* 528 U.S. 470, 120 S.Ct. 1029 [(2000)], the United States Supreme Court recognized an ineffective assistance of counsel claim based upon trial counsel's failure to consult with his client concerning the client's right to file a direct appeal from his judgment of sentence." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa.Super.2011). "This Court applied ***Roe*** to a Pennsylvania criminal defendant seeking to appeal from his judgment of sentence in ***Commonwealth v. Touw****,* 781 A.2d 1250 (Pa.Super.2001)." ***Id.*** at 682-83.

This Court analyzed ineffective assistance of counsel claims concerning failure to file appeals as follows:

> The ***Roe*** Court begins its analysis by noting: "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." ***Id.*** at 477 [120 S.Ct. 1029.] In ***Commonwealth v. Touw****,* 781 A.2d 1250 (Pa.Super.2001), this Court concisely summarized the remainder of the ***Roe*** decision as follows:
>
>> The [United States Supreme] Court began its analysis by addressing a separate, but antecedent, question: "whether counsel in fact consulted with the defendant about an appeal." The Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." The Court continued[:]
>>
>>> If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether

counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

[**Roe**, at 478, 120 S.Ct. 1029]. The Court answered the question by holding:

[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, **courts must take into account all the information counsel knew or should have known**.

[*Id.* at 480, 120 S.Ct. 1029]. A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice. The [**Roe**] Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." [**Id.**]

**Carter, supra.** at 683 (2011) (emphasis added).

Instantly, Appellant did not have any discussions with trial counsel after sentencing. N.T., 6/20/14, at 23. Although Appellant claims he called counsel and left messages expressing his desire to file post-sentence motions and an appeal, counsel denies receiving the messages. **Id.** However, when counsel received Appellant's *pro se* post-sentence motion, counsel realized that Appellant wanted to file one. **Id.** The court entered

- 6 -

Appellant's judgment of sentence on February 19, 2013. Appellant filed his *pro se* post-sentence motion on March 1, 2013. The court denied this motion on March 5, 2013. Although counsel did not remember the exact date he received Appellant's post-sentence motion, he recalled: "When I received it, it was already after the ten days, and it was denied within a couple days right after that. I'm not sure if I received the denial almost at the same time, but we received the denial and that was the end of that matter." N.T. at 23-24.

In denying Appellant's PCRA petition, the court reasoned:

> In this case, [Appellant] failed to provide the court with any testimony or evidence that he contacted Attorney Supplee regarding an appeal. Absent any indication that [Appellant] wanted to file an appeal, Attorney Supplee did not have an obligation to consult with him regarding an appeal. Counsel only has a duty to consult with his client about an appeal when counsel has "reason to think either (1) that a rational defendant would want to appeal…, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." [**Carter, supra.** at 683].

> Attorney Supplee had no reason to think that [Appellant] would want to appeal his sentence. [Appellant] plead guilty to lesser counts of the Criminal Information and had a binding agreement for a standard range sentence. The court, following the agreement, sentenced [Appellant] within the standard range. While Attorney Supplee may have expressed his hope that the sentence would be less, he made no such promise. When the court abided the agreement reached between [Appellant] and the Commonwealth, Attorney Supplee had no reason to believe that [Appellant] would want to file an appeal. Accordingly, the Appellant's claim that counsel was ineffective for not filing an appeal is meritless.

> Because the Appellant is unable to satisfy the prejudice prong of the ineffectiveness of counsel prong, we need not explore the remaining two prongs of the analysis.

PCRA Opinion at 9-10 (unnecessary capitalization omitted).

The PCRA court determined Appellant was unable to satisfy the prejudice prong of the ineffectiveness of counsel test. To satisfy the prejudice prong, however, Appellant must only show that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *See Carter, supra.* Further, although the PCRA court stated that "Appellant failed to provide…any testimony or evidence that he contacted Attorney Supplee regarding an appeal," Appellant testified that he called counsel, wrote a letter to counsel and filed a *pro se* post-sentence motion. Importantly, counsel admitted receiving the *pro se* motion before the expiration of the appeal period. The court erred by failing to take into account this information, which should have reasonably demonstrated to counsel that Appellant wanted to appeal. *See Carter, supra.*

In view of the fact that Appellant never exercised his right to a direct appeal, the trial court should have granted Appellant leave to file an appeal *nunc pro tunc*.

Order reversed and case remanded with instructions that Appellant be permitted to file a direct appeal *nunc pro tunc* within thirty (30) days of the date of this Memorandum.

Judge Bowes joins in the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2015