J-S39034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SHAMONE F. WOODS, :
:
Appellant : No. 198 EDA 2015

Appeal from the PCRA Order entered on December 12, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, No. CP-15-CR-0000807-2009

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 16, 2015**

Shamone F. Woods ("Woods") appeals from the dismissal of his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On September 12, 2006, Curtis Self ("Self") was driving home from a local bar when a vehicle approached him from behind and flashed its high beams. Self pulled his vehicle to the side of the road, and a green Acura pulled along the driver's side of his vehicle. Self rolled down the driver's side window, and Woods, sitting in the passenger seat of the Acura, fired multiple shots at Self's vehicle. A bullet struck Self on the left side of his arm. Self drove to the police station, but was followed by the Acura, and Woods again shot at Self. Eventually, Self was transported by ambulance to a local hospital. Self reported that he was unable to identify the shooter

after his initial interview with police. However, on January 24, 2008, Self identified Woods as the shooter.

On October 23, 2009, a jury convicted Woods of numerous crimes, including criminal attempt to commit murder of the first degree and two counts of aggravated assault. On February 17, 2010, the trial court imposed an aggregate sentence of 22 to 46 years in prison. This Court affirmed the judgment of sentence on May 16, 2011. *See Commonwealth v. Woods*, 30 A.3d 538 (Pa. Super. 2011) (unpublished memorandum).

On January 13, 2012, Woods filed a *pro se* PCRA Petition. The PCRA court appointed Woods counsel, who filed an amended PCRA Petition. Following a hearing, the PCRA court dismissed the Petition. Woods filed a timely Notice of Appeal.

On appeal, Woods raises the following question for our review: "Whether the [PCRA] court committed error by dismissing [Woods's] PCRA claim of ineffective assistance of counsel by [Woods's] trial attorney[?]" Brief for Appellant at 4 (capitalization omitted).

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Woods contends that his trial counsel, Joseph Green, Esquire ("Attorney Green"), was ineffective because he did not call Dante Carter ("Carter") as a trial witness. Brief for Appellant at 11, 12. Woods asserts that Carter previously told investigators that Duron Peoples ("Peoples") shot Self, that Attorney Green knew of this evidence prior to trial, and that Attorney Green had no reasonable basis for failing to call Carter as a witness. *Id*. at 12, 13-14. Specifically, Woods asserts that the jury would have heard testimony that Peoples shot Self; witnesses saw Peoples in possession of the firearm used to shoot Self; and police recovered a box of bullets in Peoples's home that matched the bullets used to shoot Self. *Id*. at 12-13; *see also id*. at 14-17 (wherein Woods argues that the rule against hearsay would not prevent Carter's testimony because it establishes a third-party defense). Woods argues that Carter's statement, along with Self's inconsistent trial testimony, demonstrates the outcome of the trial would have been different. *Id*. at 12-13.

To succeed on an ineffectiveness claim, Woods must demonstrate by the preponderance of evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

- 3 -

*Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hannible,* 30 A.3d 426, 439 (Pa. 2011).

When raising a failure to call a potential witness claim, the PCRA petitioner must establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009).

Woods failed to establish that Carter was available and willing to testify that Peoples shot Self. Indeed, Woods never alleged that Carter was available or willing to testify in his PCRA Petition, at the evidentiary hearing, or in his appellate brief.[1] *See Commonwealth v. Tharp*, 101 A.3d 736, 758 (Pa. 2014) (stating that appellant's failure to establish the availability and willingness of a witness to testify on his behalf was fatal to his ineffective assistance of counsel claim); *see also Commonwealth v. Bryant*, 855 A.2d 726, 748 (Pa. 2004) (stating that counsel was not ineffective where appellant made no proffer that the uncalled witnesses were willing and able to testify). Thus, Woods failed to meet the necessary

---

[1] We note that Woods did not attach to his PCRA Petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony...." 42 Pa.C.S.A. § 9545(d)(1); *see also* Pa. R.Crim.P. 902(A)(15).

- 4 -

requirements of **Johnson, supra**, and the underlying claim is not of arguable merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015