J-S31022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFONSO DORSEY | : | |
| | : | |
| Appellant | : | No. 905 EDA 2017 |

Appeal from the PCRA Order February 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0421771-1988

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 13, 2018**

Alfonso Dorsey appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the procedural history as follows:

On March 31, 1989, [Dorsey] was convicted by a jury of murder of the first degree, 18 Pa.C.S. § 2502, criminal conspiracy, 18 Pa.C.S.  § 903, and possession of an instrument of crime, 18 Pa.C.S. § 907.  [Dorsey] received an aggregate sentence of life imprisonment.  On January 7, 1991, [the] Superior Court affirmed [his] judgment of sentence[.]  [**Commonwealth v. Dorsey**,] 589 A.2d 1173 (Pa. Super. 1991) (table).  On January 9, 1992, the Supreme Court denied [Dorsey's] petition for allowance of appeal[.]  [**Commonwealth v. Dorsey**,] 602 A.2d 856 (Pa. 1992) (table).  On January 14, 1997, [Dorsey] filed his first PCRA Petition.  The PCRA Petition was dismissed on May 20, 1998.  The Superior Court affirmed the dismissal on February 4, 2000[.] [2000 WL 709526 (Pa. Super. Feb. 4, 2000)].  Thereafter, [Dorsey] sought relief in the Federal Courts; his efforts were

unsuccessful. On July 3, 2013, [Dorsey] filed the instant PCRA Petition. On February 24, 2017, this Court dismissed the PCRA Petition as untimely and without merit.

Trial Court Opinion, filed 8/7/17, at 1-2.

At the PCRA hearing, Dorsey presented six witnesses: Reginald Jones, Larry Thomas, Wayne Humphrey, Ricky Burns, Lamar Jones ("Lamont"; no relation to Reginald), and himself. Reginald Jones allegedly contacted Dorsey in 2013, while the latter was serving his prison sentence, and told him that he was gathering witnesses with possible exculpatory evidence. The four witnesses found by Jones were supposedly at the scene the night of the murder, and testified that they did not see Dorsey at the scene. The PCRA court found the witnesses were not credible and dismissed Dorsey's petition.

On November 8, 2017, Dorsey filed the present appeal, averring that the PCRA court erred in determining that his petition was not timely filed. Dorsey also asserted that the court erred in denying him relief because he presented sufficient evidence during the PCRA hearing to warrant a new trial.

The standard of review this Court uses to analyze a PCRA court's order is, "whether the determination of the PCRA court is supported by the evidence of the record and is free of legal error." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011). If the record supports the PCRA court's findings, then this Court will grant substantial deference to the PCRA court. **See Commonwealth v. Johnson**, 966 A.2d 523, 539 (Pa. 2009) ("A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts.").

*See also Commonwealth v. Abu-Jamal*, 720 A.2d 79, 97 (Pa. 1998) ("[W]here the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt"). "Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made[.]" *Johnson*, 966 A.2d at 539.

The PCRA court does not have jurisdiction to consider the merits of Dorsey's PCRA petition unless his petition was timely filed. 42 Pa.C.S. § 9545(b)(1). PCRA petitions, unless they meet some exception, must be filed within one year of the date of a final judgment. 42 Pa.C.S. § 9545(b)(1). Dorsey's judgment became final on April 8, 1992, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct. R. 13. Thus, Dorsey's deadline to file a PCRA petition was April 8, 1993. Dorsey filed his PCRA petition more than twenty years after the date of his final judgment, and therefore, his petition is facially untimely.

Dorsey asserts that under 42 Pa.C.S. § 9545(b)(1)(ii), his case presents an exception to the one-year jurisdictional time bar because he is raising newly-discovered facts. Section 9545(b)(1)(ii) provides as follows:

> **(b) Time for filing petition.**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>      . . .

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)(ii), (2).

To determine whether the PCRA court erred in holding that the petition was time-barred, we must analyze whether Dorsey's witnesses could have been discovered at trial through the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1). Due diligence is not a bright-line rule, and is to be determined on a case-by-case basis. *Commonwealth v. Bradford*, 2 A.3d 628 (Pa. Super. 2010). While due diligence does not require perfection, the petitioner must "put forth a reasonable effort." *Id.* "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011).

Dorsey argues that he meets the due diligence standard because, due to his prison sentence, he had no way of knowing the existence of the new witnesses or the allegedly exculpatory information they possessed. According to Dorsey, due diligence is thus satisfied because he was incapable of discovering new exculpatory evidence while in prison.

However, as the Commonwealth points out, and as Dorsey concedes, he failed to take initiative to investigate his case. Dorsey did not contact friends or family throughout the entire span of his incarceration leading up to the instant petition, even though he had more than twenty-five years to do

so.  Dorsey was aware that Larry Thomas allegedly was inside a nearby store the night of the shooting, but he never made an effort to contact Thomas, either during his trial or during his lengthy prison sentence.  Dorsey also knew witness Wayne Humphrey, and he knew that Humphrey could possibly testify at his trial, but Humphrey was never contacted before or during Dorsey's trial.  Finally, Lamar Jones allegedly told Dorsey's family his account of the incident more than twenty years prior to the petition's filing, so Dorsey might have discovered Jones had he simply contacted his own family.  Such gross inaction cannot meet the due diligence standard for the newly-discovered facts exception to the PCRA.

With regard to the fourth witness, Ricky Burns, Dorsey did not know of his existence or of his potential to be a witness until 2013 when Reginald Jones contacted Dorsey in prison, and therefore would not have been able to discover Burns through due diligence.  Burns was allegedly a bystander who happened to witness the crime being committed, and had no relation to Dorsey.  Therefore, Dorsey's petition is not time-barred with regard to Burns' testimony.

Burns' testimony, or the "newly-discovered facts," only provides a basis for PCRA relief if Dorsey complied with section 9545(b)(2) and can show "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."  42 Pa.C.S. § 9543(a)(2)(vi).

With regard to section 9545(b)(2), Dorsey's petition must be submitted within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Dorsey allegedly learned of the possible exculpatory evidence when Reginald Jones visited him in prison, on June 23, 2013. Dorsey's petition was filed on July 3, 2013. Therefore, Dorsey's petition was timely filed pursuant to section 9545(b)(2).

The Pennsylvania Supreme Court in **Commonwealth v. D'Amato**, 856 A.2d 806 (Pa. 2004), clarified section 9543(a)(2)(vi) into a four-prong test. The petitioner must establish: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) *it would likely compel a different verdict*." **Id.** at 823 (emphasis added). If witness testimony is deemed incredible, then it likely will not compel a different verdict and is not sufficient to afford the plaintiff relief. **See Abu-Jamal**, 720 A.2d at 97 (holding incredible testimony will not likely change outcome of case).

Here, the PCRA court found Burns lacking in credibility. The record reveals that Burns signed a sworn affidavit recounting the events the night of the murder, but at the PCRA hearing he spontaneously changed his story and recounted different facts. The record thus supports the credibility findings of the PCRA court that Burns' testimony is unreliable. **See Commonwealth v. Santiago**, 855 A.2d 682, 694 (Pa. 2004) ("[W]e are bound by the PCRA court's credibility determinations where there is record support for those

determinations"). Accordingly, we find that Burns' testimony does not meet the requirements of the newly-discovered facts exception because it would not change the outcome of the case.

As the facts indicate, Dorsey's PCRA petition does not overcome any exceptions to the PCRA's time-bar, and, except for Burns' testimony, remains time-barred. However, the record supports the PCRA court's findings that the new witnesses, including Burns, were not credible and would not afford Dorsey relief under the newly-discovered facts exception.

Therefore, we affirm the PCRA court's order dismissing Dorsey's petition.

Order Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/18