**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEIYAUVE ROBERT MONTREL GATES | : | |
| | : | |
| Appellant | : | No. 297 WDA 2020 |

Appeal from the PCRA Order Entered January 27, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001534-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEIYAUVE ROBERT MONTREL GATES | : | |
| | : | |
| Appellant | : | No. 298 WDA 2020 |

Appeal from the PCRA Order Entered January 27, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001632-2018

BEFORE: BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED: JUNE 28, 2021**

Keiyauve Robert Montrel Gates appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA") in the two above-captioned cases. After careful review, we vacate the order and remand for further proceedings.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's convictions stem from two separate incidents, a burglary and a shooting. Guilty pleas were entered at both cases. With regard to the shooting, Appellant pled guilty to attempted homicide and carrying a firearm without a license. As to the burglary charge, Appellant pled guilty to theft by unlawful taking and criminal trespass. Appellant was sentenced at both cases to an aggregate term of thirteen to twenty-seven years of incarceration. He filed a timely post-sentence motion, which the trial court denied.

On July 8, 2019, Appellant filed a timely *pro se* PCRA petition alleging that trial counsel had failed to file a requested direct appeal and seeking the reinstatement of his appeal rights *nunc pro tunc*. Appointed PCRA counsel submitted a supplemental PCRA petition specifying that Appellant had asked trial counsel at his sentencing to file a direct appeal. PCRA counsel requested a hearing so that trial counsel could have a chance to respond to these allegations. The Commonwealth filed a reply agreeing that an evidentiary hearing was necessary in order to resolve this issue.

On November 19, 2019, the PCRA court held an evidentiary hearing at which Appellant and trial counsel testified. The PCRA court thereafter issued an order and opinion denying Appellant's PCRA petition based upon its finding that Appellant's testimony that he directed trial counsel to file a direct appeal

on his behalf was "contradictory" and "self-serving."  Order, 1/27/20, at 3.[1]

Instead, the PCRA court credited the "consistent" testimony of trial counsel,

who asserted that he filed the only post-sentence submission that Appellant

requested.  *Id*. at 5.  These appeals followed.[2]  Both Appellant and the PCRA

court complied with the mandates of Pa.R.A.P. 1925.  After a remand so that

the PCRA hearing could be transcribed and added to the certified record, this

appeal is ready for our disposition.

Appellant raises the following issue for our review:  "Whether the lower

court erred in denying PCRA relief in the nature of reinstatement of the

Appellant's right to a direct appeal?"  Appellant's brief at 2.

Our standard and scope of review in this context is well established:

> When reviewing the propriety of an order pertaining to PCRA
> relief, we consider the record in the light most favorable to the
> prevailing party at the PCRA level.  This Court is limited to
> determining whether the evidence of record supports the
> conclusions of the PCRA court and whether the ruling is free of
> legal error.  We grant great deference to the PCRA court's findings
> that are supported in the record and will not disturb them unless
> they have no support in the certified record.  However we afford
> no such deference to the post-conviction court's legal conclusions.
> We thus apply a *de novo* standard of review to the PCRA [c]ourt's
> legal conclusions.

---

[1] The dismissal order was mistakenly captioned as a notice of intent to dismiss. The PCRA court issued a letter to the Superior Court explaining the error, before filing an amended order to dismiss the petition on May 20, 2020.

[2] We consolidated the appeals *sua sponte*.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa.Super. 2018) (internal citations and quotation marks omitted).

Appellant alleges that trial counsel was ineffective for failing to file a direct appeal as requested and for failing to consult with Appellant regarding the advantages and disadvantages of an appeal.  **See** Appellant's brief at 6-10.  The following principles are pertinent to our consideration of Appellant's claim.

As a general rule, counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise.  **Commonwealth v. Becker**, 192 A.3d 106, 112 (Pa.Super. 2018).  To do so, the petitioner must plead and prove: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error."  **Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa.Super. 2020) (internal quotation marks omitted).  However, in some instances, counsel's act or omission is deemed to be *per se* ineffective and the defendant is entitled to relief without establishing counsel's lack of a reasonable basis or that he suffered prejudice.  Failure by counsel to file a direct appeal, when requested by a defendant, is one such instance, and entitles the petitioner to reinstatement of his direct appellate rights *nunc pro tunc*.  **See Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa.Super. 2001).

If a defendant does not expressly ask counsel to file a direct appeal, counsel still has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal." *Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa.Super. 2006). *See also Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In this circumstance, where the defendant did not request counsel to file a direct appeal but counsel failed to consult with the defendant, counsel is not *per se* ineffective. *Commonwealth v. Markowitz*, 32 A.3d 706, 716 (Pa.Super. 2011). Instead, application of the traditional ineffectiveness test "is necessary to decide whether counsel rendered constitutionally ineffective assistance by failing to advise his client about his appellate rights." *Id*.

> Pursuant to [*Flores-Ortega*] and *Touw*, counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) **that this particular defendant reasonably demonstrated to counsel that he was interested in appealing**." *Touw*, [*supra*] at 1254 (quoting *Roe*, [*supra*] at 480).

*Bath*, *supra* at 623 (emphasis added). "Where a petitioner can prove either factor, he establishes that his claim has arguable merit." *Markowitz*, *supra* at 716.

Importantly, the proceeding relevant to the prejudice prong of the test is not the merits review of the direct appeal, but rather the decision whether to have pursued it. In other words, a defendant is not required to show that he had meritorious issues for appeal in order to establish counsel was

ineffective for failing to consult with him regarding an appeal. *See Commonwealth v. Donaghy*, 33 A.3d 12, 17 (Pa.Super. 2011). Instead, prejudice is established where a defendant shows a reasonable probability that, but for counsel's failure to consult, the defendant would have sought additional review. *Commonwealth v. Carter*, 21 A.3d 680, 683 (Pa.Super. 2011).

Here, the PCRA court found that trial counsel testified credibly when he stated that Appellant did not request that he file a notice of appeal, either orally or in writing. *See* PCRA Opinion, 6/4/20, at 5. The PCRA court further found that Appellant lacked credibility when he testified that he asked trial counsel to file a direct appeal. *Id*. at 3. We are bound by the credibility determinations of the PCRA court, particularly where, as here, those findings are supported by the record. *See Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa.Super. 2014) (citing *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court.")). Accordingly, we cannot disturb the court's findings and this aspect of Appellant's ineffectiveness claim fails.

However, trial counsel also testified that he did not consult with Appellant. *See* N.T. PCRA Hearing, 11/19/19, at 42-44. Therefore, Appellant's contention that no consultation occurred is undisputed. The uncontested facts of record also establish that Appellant demonstrated a

reasonable interest in pursuing further review based on his desire to file a post-sentence motion.

Appellant submitted a request for a post-sentence motion with the clerk of courts, which prompted counsel to file one. *Id*. at 32-33, 43. However, according to trial counsel, his attempt to provide a copy of the motion to Appellant was unsuccessful because Appellant had already been transferred to a different prison. *Id*. at 44-46. When the motion was denied, counsel made no attempt to locate Appellant within the prison system so that he could share with his client the post-sentence motion or the order denying it. *Id*. at 44-46. In fact, no further communication with Appellant occurred. *Id*.

At the bare minimum, the fact that Appellant expressed a desire to pursue a post-sentence motion alerted counsel that Appellant was unsatisfied with his judgment of sentence and was interested in pursuing some additional relief. When the motion was denied, and in light of the fact that no earlier consultation occurred, counsel had an obligation to consult with Appellant in order to inform him of the disposition of the motion and to discern whether he wished to file a direct appeal. Instead, trial counsel ceased all communication with his client. By neither serving the post-sentence motion on him nor attempting to contact him to ascertain his post-sentence wishes, counsel abandoned his duty to Appellant. *Id*. at 44-46.

Hence, there is arguable merit to Appellant's claim that counsel should have consulted with him after he demonstrated a reasonable interest in

pursuing post-sentence relief. Further, counsel offered no reasonable basis for his failure to consult with Appellant about the denial of his motion. Therefore, we must next consider whether Appellant suffered prejudice from that failure.

In order to prove that he suffered prejudice as a result of counsel's failure to consult, Appellant must demonstrate "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." **Carter**, **supra** at 683. The PCRA court's consideration of this issue amounts to one sentence in a footnote, whereby the court indicated that Appellant had not and could not substantiate a claim that an appeal was merited and should have been filed, regardless of whether or not one was requested. **See** PCRA Opinion, 6/4/2020, at 2-3, n. 3. Such an analysis is erroneous. First, an assessment of the potential merit of any issues which Appellant could have pursued on direct appeal is unnecessary.

Second, the PCRA court's analysis makes no factual findings that would allow us to assess the impact that trial counsel's failure to consult with Appellant had on the failure to file a timely direct appeal. The PCRA court stated that it did not believe Appellant's testimony regarding whether he asked counsel to file a direct appeal. It is unclear whether the PCRA court also did not believe Appellant's testimony that he desired to file a direct appeal, such

that he was hindered in doing so by counsel's failure to consult with him, serve him with the post-sentence motion, or even inform him of its denial.

Where the PCRA court fails to "make adequate findings of fact to permit appellate review," precedent instructs us to remand for the PCRA court to make the required findings. *Touw*, *supra* at 1254. Since the consultation did not occur, we remand so that the PCRA court can resolve the issue of whether Appellant was prejudiced by counsel's omission. Specifically, the PCRA court must determine whether Appellant established, by a preponderance of the evidence, that "there was a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Carter*, *supra* at 683. No assessment of the potential merits of issues Appellant may wish to raise on direct appeal is appropriate. To the extent that the PCRA court is "unable to make the required findings based on the existing record, a new hearing will be necessary." *Touw*, *supra* at 1254. Accordingly, we vacate the PCRA court's order and remand to allow the PCRA court to make the necessary factual findings, holding an additional hearing if necessary.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2021