J-S60038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANIEL ARTHUR HELEVA | |
| Appellant | No. 886 EDA 2015 |

Appeal from the PCRA Order March 13, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000249-2002

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 22, 2016**

Daniel Arthur Heleva, appeals, *pro se*, from the order entered on March 13, 2015, in the Monroe County Court of Common Pleas, which dismissed his first petition for post-conviction collateral relief.[1]  Heleva seeks relief from the judgment of sentence of life imprisonment imposed on March 4, 2005, after a jury convicted him of first-degree murder (accomplice liability), conspiracy to commit aggravated assault, unlawful restraint, tampering with evidence, and four counts of endangering the welfare of

_____

[1] *See* Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

children.[2]   After a thorough review of the record, the parties' briefs, and applicable law, we affirm on the basis of the PCRA court's opinion.

Heleva's convictions for murder and related offenses arose from the shooting of two men at his home in Kresgeville, Pennsylvania, on November 26, 2001.[3]   A panel of this Court previously set forth the underlying facts and procedural history of this case in the *nunc pro tunc* appeal of the March 4, 2005, judgment of sentence:

> At approximately 12:19 a.m. on November 26, 2001, police received a 911 call from Denise Bailey stating that she heard someone bump into her front door and say, "help me."  Mrs. Bailey looked out her front window and saw a person being dragged by their feet by another person.  The police arrived at Mrs. Bailey's residence shortly thereafter, and observed a substantial amount of blood on a white leather jacket laying in Mrs. Bailey's yard.  The police proceeded in the direction in which Mrs. Bailey said the body was dragged.  The police stopped at the next house down the road, and knocked on the door.
>
> Manuel Sepulveda opened the door. He was sweating profusely. The police placed Sepulveda into custody in the rear of the patrol car. The police then entered the home and found a shotgun with a spent shell casing.  [Heleva] came downstairs wearing only jeans and no shirt.  [Heleva] had blood on his back that did not appear to be his, and the police placed [Heleva] into custody.  The police searched the house and found two dead victims, both of whom were shot several times.
>
> At the police station, [Heleva] made inculpatory oral and written statements.  The Commonwealth charged [Heleva] with

---

[2]   18 Pa.C.S. §§ 2502(a), 903(a)(1), 2902(1), 4910(1), and 4304(a), respectively.

[3]   Heleva's accomplice was Manuel Sepulveda.

a variety of criminal offenses. Prior to trial, [Heleva] signed a Pa.R.Crim.P. 600 waiver form, excluding a portion of time in which the Commonwealth was to commence trial.

Following trial, a jury convicted [Heleva] of first-degree murder (accomplice liability), four counts of endangering the welfare of a child, one count of criminal conspiracy to commit aggravated assault, one count of unlawful restraint, and one count of tampering with evidence. On March 4, 2005, the trial court sentenced [Heleva] to life imprisonment without the opportunity for parole on the first-degree murder (accomplice liability) conviction. The trial court also sentenced [Heleva] to additional, consecutive sentences on the remaining counts.

[Heleva] filed a timely appeal. In a *per curiam* order dated December 5, 2005, this Court dismissed [Heleva]'s direct appeal because [he] failed to file a brief.

On July 25, 2005, [Heleva], *pro se*, filed a private complaint, alleging that trial counsel forged his signature on the Rule 600 waiver form. On August 4, 2005, the district attorney disapproved the private complaint.

On December 5, 2006, [Heleva] filed a petition under the postconviction relief act ("PCRA"). [He] contended that his appellate counsel was ineffective for failing to file a brief on direct appeal. In a separate *pro se* filing dated January 8, 2007, [Heleva] alleged that his constitutional right to a speedy trial was violated because his signature on the Rule 600 waiver form was forged.

On February 12, 2009, [Heleva], *pro se*, filed a second private complaint. [Heleva] alleged that his trial counsel, the trial judge, and the district attorney conspired to forge his signature on the Rule 600 waiver form. March 4, 2009, the district attorney disapproved the complaint.

On April 16, 2010, the PCRA court granted [Heleva]'s petition under the PCRA, concluding that appellate counsel was *per se* ineffective for failing to file an appellate brief. As such, the PCRA court restored [Heleva]'s direct appeal rights *nunc pro tunc*. Insofar as [Heleva] alleged that the Rule 600 form was forged, the PCRA court denied [Heleva] relief.

*Commonwealth v. Heleva*, 26 A.3d 1177 [1255 EDA 2010] (Pa. Super. 2011) (unpublished memorandum at 1-4), *appeal denied*, 30 A.3d 487 (Pa. 2011).[4]   Following its review, this Court affirmed Heleva's judgment of sentence on March 3, 2011, and the Pennsylvania Supreme Court denied his petition for allowance of appeal.  *See id.*

On June 27, 2012, Heleva filed a timely *pro se* PCRA petition, asserting:  (1) his trial should have commenced by June 26, 2004, within 120 days after a panel of this Court denied an interlocutory appeal on February 26, 2004; and (2) the Commonwealth failed to established that it exercised due diligence in bringing him to trial.

Counsel was appointed to represent Heleva, and filed an amended petition on March 28, 2014.[5]   PCRA evidentiary hearings were held on May

---

[4] *See also* PCRA Court Opinion, 3/13/2015, at 1-7.

[5] The PCRA court explained the reason for the almost two-year delay in the proceedings as follows:

> A judge was not immediately assigned to the matter.  On October 28, 2013, Mr. Heleva filed a motion to show cause, requesting a hearing on his petition, as his federal claims required that state proceedings conclude first. On December 2, 2013, Mr. Heleva filed another application for leave to file original process in the [S]upreme [C]ourt and petitioned for writ of mandamus, citing a federal court order.  The application for leave to file original process and the petition for writ of mandamus were granted by the [S]upreme [C]ourt on January 30, 2014 and this court was directed to proceed with adjudicating Mr. Heleva's pending PCRA petition within 90 days.

*(Footnote Continued Next Page)*

30, 2014, and July 28, 2014. On October 27, 2014, Heleva filed a petition to waive counsel and proceed *pro se*. A hearing was held on his petition on December 1, 2014, the court granted Heleva's request to proceed *pro se*, and his counsel was given leave to withdraw.

That same day, Heleva filed a *pro se* brief, arguing that his trial counsel had failed to raise a Rule 600 defense. He argued his May 7, 2004, Rule 600 waiver was involuntary or fraudulent, and the Commonwealth failed to meet its burden in proving that it had exercised due diligence in bringing him to trial. **See** PCRA Court Opinion, 3/13/2015, at 6. He also petitioned the court to release funds for another handwriting expert.[6]

Oral arguments were held on January 26, 2015. On March 13, 2015, the PCRA court denied Heleva's petition and his request for an additional handwriting expert. This *pro se* appeal followed.[7]

*(Footnote Continued)* ───────────

On January 13, 2014, [the Honorable Arthur L. Zulick] was again assigned to this case as allegations of forgery were no longer being made specifically against the trial judge.

PCRA Court Opinion, 3/13/2015, at 5.

[6] Heleva hired an expert handwriting witness, Hartford Kittel, who testified at the October 2, 2009, PCRA evidentiary hearing. His examination of the signatures was inconclusive. **Id.** at 18.

[7] On April 2, 2015, the PCRA court ordered Heleva to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Heleva filed a concise statement on April 20, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 1, 2015, relying on its opinion that accompanied its March 13, 2015, order dismissing Heleva's petition.

Initially, we note we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). To that end, we find Heleva's brief is disjointed and incoherent at various points.[8]

Nevertheless, a review of the brief reveals that Heleva raises the following arguments on appeal: (1) trial counsel was ineffective because Heleva was constructively denied the right to counsel and the right to a speedy trial based on counsel's failed to seek dismissal under Rule 600, where Heleva's May 7, 2004, Rule 600 waiver was forged;[9] (2) the PCRA court miscalculated in determining the Commonwealth exercised due

_____

[8] We also note the issues Heleva raises in his brief do not substantially match the issues identified in his concise statement. "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). **Compare** Pa.R.A.P. 1925(b) Statement, 4/20/2015 **with** Heleva's Brief at 4.

[9] **See** Heleva's Brief at 9-18. Heleva also claims counsel failed to file a petition for permission to appeal on the argument that torture was an improper aggravated circumstance that the Commonwealth used to seek the death penalty. However, he did not raise this issue in his concise statement and consequently, the court did not address it in its May 13, 2015, opinion or May 1, 2015, Rule 1925(a) statement. Moreover, he did not receive the death penalty as part of his sentence.

diligence in its interpretation of days excluded and included;[10] and (3) the PCRA court erred in denying Heleva funds to pay for a second handwriting expert to demonstrate that the signature on the May 7, 2004, Rule 600 waiver was forged.[11]

When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter,*** 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

The PCRA court has provided a well-reasoned discussion of its disposition. ***See*** PCRA Court Opinion, 3/13/2015, at 7-23 (finding: (1) counsel was not ineffective because Heleva had not met his burden in proving that the May 7, 2004, waiver was either forged or unknowing and involuntary, where he had signed two prior Rule 600 waivers, the waiver at issue specifically referred to the petition for permission to appeal *nunc pro*

---

[10] ***Id.*** at 19-31. Heleva states the mechanical run date for his trial actually expired on April 14, 2004, and therefore, the Commonwealth's May 5, 2004 motion for a scheduling conference, which ultimately led to his Rule 600 waiver, was untimely.

[11] ***Id.*** at 32-46.

*tunc* he intended to file, trial counsel testified that Heleva did sign the document,[12] and Heleva's handwriting expert, Kittel, could not testify to a reasonable degree of certainty whether Heleva's signature was or was not genuine; (2) counsel was not ineffective for failing to seek dismissal under Rule 600 because the court did not violate Heleva's speedy trial rights where (a) the proper count was 365 days, and, (b) including all delays attributable to the defense, based upon the waivers appearing of record, that period expired on July 26 2005, and Heleva's trial began on November 3, 2004; and (3) because Heleva did not meet his burden of proof by a preponderance of the evidence, his request for a second expert was not necessary).

We agree and adopt the sound reasoning of the PCRA court as dispositive of the issues raised in this appeal. Accordingly, because we conclude Heleva's claims are meritless, we affirm the order of the PCRA court dismissing his collateral petition.

Order affirmed.

---

[12] The court indicated it found counsel's testimony credible as it was a significant benefit to Heleva to overturn the trial court's ruling on the aggravated circumstance of torture. **See** PCRA Court Opinion, 3/13/2015, at 21.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2016