J-S78022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAYRON RAYMOND DUDLEY | |
| Appellant | No. 197 WDA 2016 |

Appeal from the PCRA Order January 7, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012381-2013

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 03, 2017**

Jayron Raymond Dudley appeals from the order entered January 7, 2016, in the Allegheny County Court of Common Pleas, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Dudley seeks relief from the judgment of sentence of an aggregate term of three to six years' imprisonment followed by two years' probation, imposed after he entered a guilty plea to charges of possession of firearm with altered manufacturer's number,[2] tampering with physical evidence,[3] and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 6110.2(a).

[3] 18 Pa.C.S. § 4910.

related charges. On appeal, Dudley argues the PCRA court abused its discretion in denying his claim that plea counsel's ineffectiveness caused him to enter an involuntary guilty plea. For the reasons below, we affirm.

The facts and procedural history underlying this appeal are as follows. On August 31, 2013, Dudley was arrested in the present case, following reports of a shooting in the 1300 block of Patterson Avenue in McKeesport, Pennsylvania. At Docket No. 12381-2013, he was charged with possession of firearm with altered manufacturer's number, receiving stolen property, carrying a firearm without a license, persons not to possess firearms, tampering with physical evidence, false identification to law enforcement, and criminal mischief.[4] Subsequently, on October 8, 2013, Dudley was arrested again, after he was found to be in the possession of a firearm during a car stop. In that case, which is not on appeal, he was charged at Docket No. 14998-2013, with various firearm offenses, as well as escape.[5] Both cases were scheduled for a non-jury trial on March 27, 2014.

The case at Docket No. 14998-2013 proceeded to trial first, and following the testimony, the court took the matter under advisement.[6] *See*

_____

[4] *See* 18 Pa.C.S. §§ 6110.2, 3925, 6106, 6105(c), 4910, 4914, and 3304(a)(1), respectively.

[5] 18 Pa.C.S. § 5121.

[6] Dudley was represented by different attorneys from the public defender's office in both cases.

N.T., 3/14/2014, at 37. After a short recess, Dudley decided to enter an open guilty plea at Docket No. 12381-2013, in exchange for which the Commonwealth withdrew the charge of receiving stolen property. Dudley completed both a written and oral colloquy, and affirmatively stated he was guilty of the crimes charged. The trial court then entered a verdict at Docket No. 14998-2013, finding Dudley guilty of only disorderly conduct, resisting arrest, and criminal mischief, and acquitting him of the more serious firearms and escape offenses. *See* N.T., 3/27/2014, at 43.

The trial court proceeded to sentence Dudley in both cases that same day. In the present case, at Docket No. 12381-2013, the trial court imposed a mitigated range sentence of three to six years' imprisonment for the charge of possession of firearm with altered manufacturer's number, a consecutive term of two years' probation for tampering with physical evidence, and a concurrent term of two years' probation for providing false identification. At Docket No. 14998-2013, the court imposed two concurrent terms of two years' probation on the charges of resisting arrest and false identification, and ordered them to run consecutively to the probationary term in the present case.[7] No further punishment was imposed on the remaining charges at either docket.

---

[7] As noted above, Dudley's conviction and sentence at Docket No. 14998-2013 are not the subject of this appeal.

On April 3, 2014, Dudley filed a timely, counseled post-sentence motion seeking to withdraw his guilty plea.[8]  After the trial court denied the motion, Dudley filed a direct appeal, challenging the court's failure to conduct a hearing on his post-sentence motion, as well as the court's imposition of an illegal sentence on the charge of false identification.  In an unpublished decision, a panel of this Court affirmed his convictions, but vacated the probationary sentence imposed for false identification.  **See Commonwealth v. Dudley**, 120 A.3d 391 [700 WDA 2014] (Pa. Super. 2015) (unpublished memorandum).[9]

On March 19, 2015, Dudley filed a timely, *pro se* PCRA petition, challenging plea counsel's ineffectiveness.  PCRA counsel was promptly

---

[8] Dudley also filed a *pro se* post-sentence motion seeking modification of his sentence.  It does not appear the trial court addressed the *pro se* filing, presumably because he was represented by counsel at that time.  **See Commonwealth v. Williams**, ___ A.3d ___, ___, 2016 PA Super 262, *2 (Pa. Nov. 23, 2016) (stating "hybrid representation is not permitted" and court "will not accept a *pro se* motion while an appellant is represented by counsel").

[9] Specifically, the panel concluded the trial court did not abuse its discretion in determining Dudley's motion to withdraw his guilty plea was meritless on its face.  **See Commonwealth v. Dudley**, 120 A.3d 391 [700 WDA 2014] (Pa. Super. 2015) (unpublished memorandum at 4-6).  However, the panel agreed Dudley's two-year probationary term for false identification was illegal since the crime is graded as a third-degree misdemeanor, punishable only up to one-year imprisonment.  **See id.** (unpublished memorandum at 6).  Because the sentence was imposed concurrently to the probationary term for resisting arrest, the panel concluded that a remand for resentencing was unnecessary.  **See id.**

appointed, and filed an amended petition on August 28, 2015. Following an evidentiary hearing on October 26, 2015, the PCRA court issued notice of its intent to dismiss the petition, accompanied by findings of fact and conclusions of law. Thereafter, on January 7, 2016, the PCRA court entered an order denying Dudley's petition for relief. This timely appeal followed.[10]

On appeal, Dudley argues the PCRA court abused its discretion in denying him collateral relief. Specifically, Dudley asserts his guilty plea was entered unknowingly and involuntarily because plea counsel threatened Dudley that if he did not plead guilty to the present charges, the trial court would find him guilty of the crimes at Docket No. 14998-2013, and impose a harsher sentence. *See* Dudley's Brief at 12. He explains:

> With this atmosphere of hostility from his own attorney, []
> Dudley's plea was not a voluntary act. His ability to consider his
> option to proceed with a nonjury or jury trial had been replaced
> by his fear of being found guilty of additional felony offenses,
> and facing a longer term of imprisonment.

*Id.* at 15-16. Furthermore, although Dudley acknowledges he averred in his written colloquy that he was not threatened or coerced into entering the plea, he contends the "colloquy answers were themselves motivated by his being afraid that his plea would not be accepted such that he would be convicted of more offenses and given more time." *Id.* at 16. Lastly, he

---

[10] Although the PCRA court did not direct Dudley to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Dudley, nevertheless, filed a concise statement on March 1, 2016.

argues counsel had no reasonable basis for failing to protect his right to trial, and he suffered prejudice "because his waiver of his constitutional right to a trial was involuntary." *Id.* at 18.

When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Moreover, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

Where, as here, the petitioner alleges the ineffectiveness of prior counsel in conjunction with a guilty plea, our review is as follows:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the

advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Willis***, 68 A.3d 997, 1001-1002 (Pa. Super. 2013),

*quoting **Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012)

(citations, quotation, and quotation marks omitted).

The PCRA court addressed Dudley's claim, as follows, in its notice of intent to dismiss the petition:

> [Dudley's] sole claim is that his guilty plea at [Docket No. 12381-2013] was unlawfully induced by the ineffective assistance of trial counsel Adam Bishop[, Esq.,] based on the allegation that Attorney Bishop threatened [Dudley] that if he did not plead guilty [to the present charges], the Trial Court would find him guilty of all charges at [Docket No. 14998-2013]. This claim fails because [Dudley] has failed to establish that his plea of guilty was unlawfully induced by the ineffective assistance of counsel. Specifically, the Trial Court finds that Attorney Bishop did not threaten or unlawfully induce [Dudley] to plead guilty. At [Dudley's] evidentiary hearing, Attorney Bishop testified that he told [Dudley] that his sentence would be closer to the mitigated range if [Dudley] pled guilty [at Docket No. 12381-2013], and that proceeding to trial at [Docket No. 12381-2013] would not help his prospects, sentence-wise, at [Docket No. 14998-2013]. The Trial Court finds this testimony of Adam Bishop credible, and finds that he did not tell [Dudley] that if he did not plead he would be found guilty on the other case, but rather that if he pled guilty it would likely lessen his sentence on the instant case and the nonjury case.

Notice of Intention to Dismiss, 12/9/2015, at 3 (capitalization in original).

Our review reveals the PCRA court's findings and credibility determinations are supported by the record. During the PCRA hearing, Dudley testified he wanted to go to trial on the charges *sub judice*. N.T., 10/26/2015, at 12. He claimed, however, counsel told him, "if [he] didn't

take a plea, [he] was going to be found guilty on both of [his] cases." ***Id.***

Dudley stated:

> [Counsel] said I'm not allowed to say this for real. The Judge basically implied to him that if I don't plead guilty on this case there's a high possibility I'm going to be found guilty on both my gun cases I had.

***Id.*** at 18.

Plea counsel testified he told Dudley that if Dudley proceeded to trial on the second case, counsel "didn't think it would help his prospects of being found not guilty in the first case." ***Id.*** at 8. However, on cross-examination, counsel elaborated:

> Well, I said that I believed that with respect to the sentencing aspect that he would receive a mitigated range sentence on my case if he pled guilty. And if he pled guilty that I believed that he would receive favorable treatment, maybe not with respect to the charges, but with respect to the sentence on the second case.

***Id.*** at 8-9.

The PCRA court found counsel's testimony credible, and we will not disturb the court's credibility determination. ***Spotz***, ***supra***, 18 A.3d at 259. Furthermore, Dudley has failed to establish he was prejudiced by counsel's actions. Although we agree he waived his right to a trial *via* his guilty plea, he did receive a mitigated range sentence, as counsel predicted, and the trial court acquitted him of the more serious gun and escape charges at Docket No. 14998-2013. Dudley does not explain how "but for [counsel's] act … the outcome of the proceedings would have been different." ***Willis***,

*supra*, 68 A.3d at 1001 (quotation omitted). Accordingly, we find no relief is warranted on his claim.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2017