J-S22044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ADRIAN VENTURA ENCARNACION | : | |
| | : | |
| Appellant | : | No. 2823 EDA 2017 |

Appeal from the PCRA Order August 15, 2017
in the Court of Common Pleas of Lehigh County
Criminal Division at Nos.:  CP-39-CR-0003900-2013
CP-39-CR-0003912-2013
CP-39-CR-0003914-2013

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED AUGUST 21, 2018**

Appellant, Adrian Ventura Encarnacion, appeals *pro se*, from the order of August 15, 2017, dismissing his petition for a writ of *habeas corpus*.  After review, we conclude that the court correctly treated Appellant's petition for a writ of *habeas corpus* as an untimely serial petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Accordingly, we affirm.

We take the underlying facts and procedural history in this matter from the PCRA court's September 27, 2017 opinion and our independent review of the certified record.

On February 18, 2014, Appellant entered a counseled negotiated guilty plea to nine robberies and related offenses.  That same day, in accordance

_____
*   Retired Senior Judge assigned to the Superior Court.

with the terms of the plea agreement, the trial court sentenced Appellant to a term of incarceration of not less than six nor more than twelve years. Appellant did not file a direct appeal.

On May 8, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel. On October 14, 2015, the PCRA court denied the petition. Appellant did not appeal.

Appellant filed the instant, *pro se* petition, captioned as a "Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution" on July 5, 2017. Treating it as a PCRA petition, on August 1, 2017, the court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant subsequently filed a response and supplemental petition. On August 15, 2017, the PCRA court dismissed the petition as time-barred. Appellant filed a timely notice of appeal. On August 31, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On September 13, 2017, Appellant filed a timely Rule 1925(b) statement. The court issued an opinion on September 27, 2017. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

A. Whether the [PCRA] court abused its discretion in dismissing Appellant's [p]etition for [w]rit of [*h*]abeas [*c*]orpus where the plea entered and sentence imposed were obtained without adequate notice of the charges in the [c]riminal [i]nformation amended on the same day of his plea and sentence?

B. Whether the [PCRA] court abused its discretion in dismissing Appellant's [s]upplemental [a]mended [*h*]abeas petition since

Appellant is confined pursuant to a [s]entencing [o]rder absent the statute under Pennsylvania law that the [j]udge received [s]tatutory [a]uthorization from to impose the sentence?

(Appellant's Brief, at 3).

Appellant appeals from the denial of his untimely PCRA petition. Initially, we conclude that the PCRA court was correct to treat Appellant's petition for a writ of *habeas corpus* as a second PCRA petition. "[I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1274 (Pa. Super. 2010) (citations omitted). Here, Appellant's claims that the criminal information was defective, resulting in a violation of his due process rights, and that the statute the trial court sentenced him under is unconstitutional, are clearly within the ambit of the PCRA. ***See*** 42 Pa.C.S.A. §§ 9543(a)(2)(i) and (vii). Thus, we conclude that the court did not err in treating Appellant's filing as a second PCRA petition.

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a

trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on July 5, 2017. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on March 20, 2014, thirty days after the trial court imposed sentence and Appellant did not file a direct appeal with this Court. ***See id.*** at (b)(3); Pa.R.A.P. 903(a).

Therefore, Appellant had one year, until March 20, 2015, to file a timely PCRA petition. Because Appellant did not file this petition until July 5, 2017, the petition is facially untimely. Thus, to obtain PCRA relief, he must plead and prove that his claim falls under one of the statutory exceptions to the one-year time bar provided at section 9545(b). ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant does not argue any of the above-listed exceptions. (*See* Appellant's Brief, at 8-12). Since Appellant's petition is untimely with no statutory exception to the time-bar pleaded and proven, the PCRA court properly found it was without jurisdiction to address the merits of Appellant's claims.

Accordingly, because Appellant failed to plead and prove that his petition falls within one of the enumerated exceptions to the PCRA time-bar, it is untimely. We are without jurisdiction to consider the merits of his claims on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/18