J-S30021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANDON WILEY THOMAS | : | |
| | : | |
| Appellant | : | No. 624 MDA 2021 |

Appeal from the PCRA Order Entered May 13, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000135-2014

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED: OCTOBER 29, 2021**

Landon Wiley Thomas (Appellant) appeals *pro se* from the order entered on May 13, 2021, denying his untimely serial petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA).[1]   We affirm, and deny Appellant's Renewed Motion to Strike based on the Commonwealth's alleged failure to serve its brief on Appellant.

This Court previously denied Appellant's appeal from dismissal of his initial PCRA petition:

> Thomas seeks relief from the judgment of sentence of 12½ to 25 years' imprisonment, with 5 years' consecutive probation, imposed after Thomas entered a negotiated guilty plea to 13 counts of robbery.  Thomas contends the PCRA court erred in denying relief where (1) the suppression court erred in denying Thomas's omnibus pretrial motion, (2) the Commonwealth

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

committed fraud upon the suppression court by not declaring a material witness unavailable and by not using compulsory process to produce said witness, (3) the Commonwealth violated the suppression court's sequestration order regarding the validity of the Miranda warnings, (4) defense counsel was ineffective at various stages of the motion to suppress, prior to and during sentencing, and PCRA counsel as well, (5) Thomas was induced into an involuntary, unknowing, and unintelligent guilty plea, under the totality of circumstances standard, and (6) Thomas did not receive a fair hearing by an impartial and disinterested tribunal due process requires.

*Commonwealth v. Thomas*, 1202 MDA 2017 (Pa. Super. May 2, 2018), at 1-2. The PCRA court aptly summarized the procedural history of this case as follows:

The Commonwealth charged [Thomas] with 13 counts of Robbery arising out of a spree of hold-ups of gas stations, convenience stores and banks during which [Thomas] used his pointed finger or a piece of plastic under his sweatshirt to simulate a weapon. [The Commonwealth withdrew Counts 12 and 13 (Robbery— Threat Immediate Serious Injury, (18 Pa.C.S. § 3701 A1(ii) ).]

On May 11, 2015, [Thomas] entered a negotiated guilty plea to 9 counts of Robbery—Threat of Immediate Serious Injury, 18 Pa.C.S. 3701(a)(1)(ii), a felony of the first degree and 2 counts of Robbery—Taking Property From Another by Force, 18 Pa.C.S. § 3701(a)(1)(v), a felony of the third degree. The Court sentenced [Thomas pursuant to the negotiated plea agreement to an aggregate sentence of 12½ to 25 years' imprisonment, with a consecutive 5–year term of probation.]

* * * *

[Thomas] filed no post sentence motion or appeal.

On August 26, 2015, [Thomas] filed a *pro se* Motion for Post Conviction Collateral Relief in which he asserted that the Court imposed a constitutionally infirm sentence, citing, ***Alleyne v. United States***,133 S.Ct. 2151 (2013) and ***Commonwealth v. Hopkins***, 117 A.3d 247 (2015). [Thomas] further alleged that the Court imposed an impermissible sentence under 42 Pa.C.S. § 9714, Sentence for Second and Subsequent Offenses. On

September 14, 2015, prior to the appointment of PCRA counsel, [Thomas] filed a *pro se* Amendment to the PCRA Motion.

On October 22, 2015, the Court appointed Jennifer Tobias, Esq., as PCRA Counsel. Appointed Counsel filed a Motion to Withdraw on November 20, 2015. On March 25, 2016, [Thomas] filed Defendant's Addendum to Counsel's No Merit Letter.

On March 30, 2016, the Court ordered the Commonwealth to file a Response and Memorandum in Support Thereof to [Thomas's] claims as to the asserted applicability of ***Alleyne v. United States***,133 S.Ct. 2151 (2013) and ***Commonwealth v. Hopkins***, 117 A.3d 247 (2015).

Thereafter, [Thomas] filed a series of *pro se* pleadings each of which opposed Appointed Counsel's Motion to Withdraw and sought to raise new claims.

\* \* \* \*

On December 23, 2016, Court ordered that [Thomas] shall file no further pleadings pending disposition of the filings of record.

PCRA Court Opinion, 6/15/2017, at 1, 4–5. On June 15, 2015, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Thomas's PCRA petition. On July 13, 2017, the PCRA dismissed the petition.

PCRA Ct. Op., 6/15/17, at 1, 4-5. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for permissive appeal.

On January 13, 2021, Appellant filed a serial *pro se* PCRA petition, initiating this litigation. Noting that it was untimely and that Appellant had not established eligibility for any exception to the one-year time bar, the trial court notified Appellant on April 19, 2021 of its intention to dismiss the serial

petition without a hearing. On May 12, 2021, the petition was dismissed, and this timely appeal followed.[2]

On appeal, he claims he invoked his right to self-representation on February 5, 2015, and the trial court mishandled that invocation, resulting in a denial of that right, and that counsel was ineffective for failing to raise claims in protection of that right. Appellant's Brief at 3. He claims further that denial of a motion for transcripts amounts to an exception to the time bar, and that Section 9545(a) of the PCRA violates the Due Process Clause of the U.S. Constitution. *Id.*

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions.

---

[2] Appellant filed a prior petition under the PCRA, his second, on July 28, 2020, but did not timely appeal its dismissal. Appellant is also pursuing federal habeas relief. *See In re Thomas*, 855 Fed.Appx. 103 (3d Cir. 2021) (denying a writ of mandamus compelling the District Court to act on Appellant's objections to the Report and Recommendation in his habeas proceedings).

*Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011); *Commonwealth v. Reaves*, 923 A.2d 1119, 1124 (Pa. 2007). Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary. *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010).

We may only consider Appellant's arguments if we find that the trial court erred in determining that his petition was untimely and he failed to plead an exception to the time bar. Per our Supreme Court's application of Section 9545(b)(1) of the PCRA in *Commonwealth v. Peterkin*, 722 A.2d 638 (1998), the time bar is jurisdictional.

Our review of the transcript in question reveals that Appellant was present at that hearing, and therefore his inability to acquire the transcript cannot satisfy the time bar exception for government interference or facts unknown to the petitioner that could not have been ascertained by the exercise of due diligence. *See* 42 Pa.C.S. § 9545(b)(1)(i) and (ii). Further, in *Peterkin*, our Supreme Court rejected a due process challenge to Section 9545(b)(1). Because Appellant has not established an exception to the time bar, and because his due process challenge has already been rejected, we affirm the trial court's conclusion that there is no jurisdiction and therefore Appellant's current PCRA petition was properly dismissed.

Order affirmed. Motion to strike denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/2021