J-S11027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEREX R. DOOLEY | : | |
| | : | |
| Appellant | : | No. 1802 EDA 2022 |

Appeal from the PCRA Order Entered June 10, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008960-2007

BEFORE: BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 30, 2024**

Lerex R. Dooley appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Dooley's PCRA petition sought relief for, among other things, an alleged **Brady**[1] violation. We vacate and remand for further proceedings.

In 2008, a jury convicted Dooley of robbery, aggravated assault, possession of a firearm prohibited, and possession of an instrument of crime. Dooley's convictions stem from the robbery of a courier transporting money for a clothing retailer, Dr. Denim. At trial, Kevin Hiller ("Hiller") testified that he and Dooley committed the robbery. He had come forward with information about the robbery while seeking a favorable sentencing recommendation from

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

federal authorities in an unrelated case. The trial court gave the following

summary of these events:

> On February 5, 2007, Kevin Hiller, in an unrelated case, was convicted in federal court of robbing an armored car. In May of 2007, Hiller met with FBI agents for a proffer session in which he was to offer federal authorities any information he may have had on other crimes in exchange for possible leniency at sentencing. During that meeting, Hiller described to the agents how he and [Dooley] planned and executed the robbery of a courier for Dr. Demin on November 21, 2005. According to Hiller, on the day of the robbery, he and [Dooley] were in a car following the Dr. Denim courier until [Dooley] jumped out of their vehicle and took the bag of money from the courier. The FBI gave this information to Detective Roach, who then created a photo array to show to [the victim] that included [Dooley's] picture and seven others with similar facial features.

Trial Court Opinion, filed 5/18/10, at 3 (citations omitted). Before trial, the

Commonwealth gave Dooley a redacted copy of a summary of Hiller's proffer

session.

In 2009, the court sentenced Dooley to 15 to 30 years' incarceration.

We affirmed the judgment of sentence. ***See Commonwealth v. Dooley***, No.

242 EDA 2010 (Pa.Super. filed January 19, 2011) (unpublished memo.).

Dooley filed the instant *pro se* PCRA petition, his second, on January 10,

2022. He asserted that he had come into possession of "newly discovered

facts": "two federal proffer notes outlining Hiller's confession/involvement

regarding a robbery/homicide perpetrated by Hiller and two other men

sometime in 2006." Second Motion for Post Conviction Collateral Relief, filed

1/10/22, at 3 (unpaginated). Citing the PCRA provisions affording relief for

- 2 -

after-acquired evidence and constitutional violations, Dooley maintained that the proffer notes showed "Hiller's purported involvement in a homicide/s [*sic*]." ***Id.*** at 3. He asked the PCRA court to determine "whether the omission of any evidence in correlation with/or the above" constituted after-acquired evidence or a constitutional violation. ***Id.*** at 3-4 (unpaginated). He also maintained that he met the unknown facts time-bar exception.

Dooley attached to his PCRA petition a copy of an unredacted FBI summary of Hiller's admission of his involvement in a robbery that resulted in a murder. Dooley notes that his defense at trial was that Hiller had a motive to lie and implicate Dooley in the Dr. Denim robbery because "[Hiller] was angry [Dooley] shared with a th[ird] party, [Hiller's] involvement in a homicide." ***Id.*** at 2. When confronted at trial about the homicide, Hiller denied any knowledge. ***Id.*** at 3 (citing N.T., 11/25/08, at 196, 220-221).

The PCRA court issued notice of intent to dismiss the petition without a hearing as untimely. Dooley responded and attached evidence of his attempts to retrieve the unredacted summary. Rule 907 Notice Response, filed 5/5/22. The court dismissed the petition, and Dooley moved for reconsideration, claiming he provided sufficient evidence of a due process and ***Brady*** violation to warrant an evidentiary hearing. ***See*** Application for Reargument and/or Reconsideration, filed 6/24/22. The court denied the motion. In its Rule 1925(a) opinion, the PCRA court explained that it had found the petition timely but rejected Dooley's after-acquired evidence claim on the merits. This timely appeal followed.

In this Court, Dooley presents the following questions:

> 1. Whether the PCRA Court erroneously dismissed Mr. Dooley's claims regarding after discovered evidence?
>
> 2. Whether the PCRA Court erroneously denied relief insofar as Mr. Dooley has produced evidence establishing multiple **Brady** violations/instances of fraud on the [c]ourt, all of which violate his due process rights under the Constitutions of Pennsylvania and the United States?
>
> 3. Whether Mr. Dooley's pleadings in the second PCRA petition as well as his petition for a remand warrant PCRA relief by way of an evidentiary hearing as set forth in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), thereby allowing him to challenge the stewardship of PCRA Counsel, PCRA Appellate Counsel, Trial Counsel and Appellate Counsel?

Dooley's Br. at 11.

The Commonwealth asks this Court to remand for an evidentiary hearing. It states that in preparing its brief, it found "multiple copies of an FBI report, which appears to be a copy of the same FBI report that was the basis for [Dooley's] **Brady** claim." Commonwealth's Br. at 5. The FBI report "summarize[d] a proffer session with cooperating witness Hiller that occurred on May 7, 200[7] – *i.e.* the same date as the proffer session described in the redacted FBI report . . . [that was] provided to the defense before [Dooley's] trial." **Id.**[2] The Commonwealth states, however, that the report it discovered while preparing its appellate brief is different from the redacted summary that the Commonwealth turned over during pretrial discovery. **Id.** at 16.

---

[2] The Commonwealth's brief references May, 7, 2005. Upon review of the record, this appears to be a typographical error.

The Commonwealth maintains that while it does "not concede that [Dooley] is entitled to post-conviction relief, the discovery of the unredacted FBI report may be material to [Dooley's] *Brady* claim." *Id.* It emphasizes that the PCRA court denied Dooley's petition "without knowing [that] the Commonwealth had this document in its file." *Id.* It points out that the document it recently discovered "was not simply an unredacted version" of what it provided before trial, but rather appears to be "an entirely different FBI report" that was not disclosed, "summariz[ing] additional information about Hiller's involvement in a separate double homicide[.]" *Id.*

Dooley then filed an Application to Supplement/Attach Documents to Appellant's Merits Brief, asking this Court to "remand in light of the new witness [Charles Hiller] who would give exculpatory testimony on his behalf." Application, filed 1/15/24, at ¶ 8. We granted the request to file a supplemental brief, but declined a remand at that time. We gave the Commonwealth leave to file a responsive brief, if necessary. Dooley filed a supplemental brief arguing the same appellate issues as in his initial brief. *See* Dooley's Supplemental Brief, filed 2/19/24. The Commonwealth responded with a supplemental brief again requesting a remand.

When reviewing the denial of a PCRA petition, we determine whether the findings of the PCRA court are supported by the record and whether it committed an error of law. *See Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa.Super. 2011).

Dooley's second claim is dispositive of this appeal. Dooley maintains that he established evidence of a *Brady* violation and argues that we should vacate the PCRA court's order. He claims that his newly-discovered evidence shows "[t]he Commonwealth knew that Mr. Hiller was involved in a double homicide" and "[n]ot only . . . fail[ed] to turn over relevant and important evidence in possession" but also "failed to correct blatant, material misstatements of fact made by Hiller during trial." Dooley's Br. at 27-28.

The PCRA affords relief for *Brady* claims. *See* 42 Pa.C.S.A. § 9543(a)(2)(i); *Commonwealth v. Haskins*, 60 A.3d 538, 547 (Pa.Super. 2012). To establish a *Brady* violation, a defendant must prove:

> (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. However, the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. Rather, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Wenzel*, 248 A.3d 540, 550 (Pa.Super. 2021) (citation omitted).

Here, the PCRA court determined that Dooley was not entitled to an evidentiary hearing because he had not provided evidence to support his claim that the Commonwealth knew it possessed unredacted copies of Hiller's FBI

summary. **See** Rule 1925(a) Opinion, filed 10/3/22, at 10, 11. The court explained:

> [Dooley] did attach to his Supplemental 907 Response a "Certification" that "[o]n information and belief" assistant district attorney Edward McCann would testify at a hearing that the district attorney's office and Philadelphia police were in possession of "unredacted proffer notes" regarding Hiller that had been disseminated by the federal authorities on or after May 7, 2007. However, [Dooley] did not aver that McCann had the information prior to the January 14, 2010 hearing at which [Dooley] claims the Commonwealth committed a fraud. In addition, [Dooley] failed to state the basis for his "information and belief" regarding McCann or any efforts that [Dooley] made to give McCann's signature. *See* 42 Pa.C.S.A. § 9545(d)(ii).

*Id.* at 11 n.4. The court also noted that the Commonwealth had stated at a post sentence motion hearing that "it had no other statements from Hiller." *Id.* at 10 (citing N.T., 1/14/10, at 23-24).

The undisclosed summary that the Commonwealth recently discovered facially supports Dooley's claim that the Commonwealth had unredacted FBI summaries related to Hiller at the time of Dooley's trial. We therefore remand for the PCRA court to conduct further proceedings to determine in the first instance whether Dooley is entitled to PCRA relief for his **Brady** claim. In remanding, we express no opinion on the claim's merits. The PCRA court shall also consider on remand Dooley's claim that his counsel during his first PCRA proceeding was ineffective. **See** Dooley's Br. at 28-36.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2024